————O————

THE ST. JOSEPH BOARD OF PUBLIC SCHOOLS, Relator, *vs.* · BERNARD PATTEN, AND OTHERS, AND THE COUNTY COURT OF BUCHANAN COUNTY, Respondents.

1. *Constitution—Taxation, rates of—Proviso allowing alteration—When goes into effect.*—The provision of the constitution, limiting the rate of taxation, does not require legislative action to enforce it, and goes into effect at once, notwithstanding the proviso allowing the rate to be increased by legislative action and a specified popular vote.

2. *Legislature—Compulsion to make laws.*—Under our system of government there is no power to compel the legislature to make laws.

*Petition for Mandamus.*

*H. K. White & W. P. Hall,* for Relator.

I. There is no authority for calling special elections at all, and there is no ·authority for· elections ·by the tax payers for

any purpose. The constitution does not enforce itself. (St. Jo. & Denver City R. R. Co. vs. Buchanan County Court, 39 Mo., 488–89 ; Graves vs. Slaughter, 15 Pet., 496.)

II. For the purpose of preventing the stoppage of the public schools from lack of money, as well as for other purposes, section 1 of the schedule was inserted in the constitution. (Laws of Mo., 1874, pp. 148, 149, § 4.)

III. The provision of the constitution, which limits the school tax to four mills, does not require legislation to enforce it, and if that provision stood alone, the objection would be conclusive. But it is only a part of an entire provision, and to give effect to the whole legislation is necessary, and hence, section 1 of the schedule applies.

IV. The section of relator's charter as well as the section of the general school law, on the subject of taxes, is inconsistent with section 11 of art. 10, of the constitution, and that section requires legislation to enforce it. Hence, the spirit of the constitution keeps these sections of the law in force until July, 1877, or until repealed by legislation.

*M. H. Ranney*, for Respondents, cited New Const., art. 10, § 11 ; Id., schedule, § 1.

NAPTON, Judge, delivered the opinion of the court.

The St. Joseph Board of Public Schools is a corporation created by acts of the legislature of March 3d, 1866, and March 20th, 1872, and by those acts authorized to estimate the amount of money requisite for the purpose of building and repairing school houses and furnishing the same, and paying salaries of teachers and officers, and to meet other contingent expenses, and to make out and certify under the seal of the corporation their annual estimates, and file a copy of the same with the clerk of the county court of Buchanan county, on or before the first Monday of August in each year. The county court is then required by these enactments to levy the amount so certified on the taxable property, real and personal, in said school district (the limits of which are pre-

viously defined), provided that the tax shall not exceed seven mills on the dollar for any one year.

This estimate having been made for the present year, and requiring a levy of seven mills on the dollar to meet the expenses reported, the county court made a levy of only four mills on the dollar, and refused to levy the seven mills as required under the acts of the legislature aforesaid. To compel the court to levy the seven mills, is the object of the application to this court.

The present constitution of this State, which went into effect on the 30th day of November, 1875, in the 11th section of the 10th article, concerning revenue and taxation, declares that taxation for school purposes in school districts shall not exceed 40 cents on the hundred dollars, with a proviso, that this rate may be increased in districts formed of cities and towns to an amount not to exceed one dollar on the hundred dollars valuation, and in other districts to an amount not to exceed sixty-five cents on the hundred dollars valuation, on the condition that a majority of the voters, who are tax payers, voting at an election held to decide the question, vote for the increase.

In the schedule it is declared, that the provisions of all laws, which are inconsistent with this constitution, shall cease upon its adoption, except that all laws, that are in consistent with such provisions of this constitution, as require legislation to enforce them, shall remain in force until the 1st day of July, 1877, unless sooner amended or repealed by the General Assembly.

This restriction in the constitution in regard to taxation for school purposes to forty cents on the hundred dollars, unquestionably requires no legislation to enforce it; nor is it contended on the part of the petitioners here, that it does. But it is insisted that the restriction or prohibition, not being absolute, but liable to be removed by legislative action and a specified popular vote, in accordance with such legislative action, both the restriction, and the subsequent clause of the constitution providing a mode of avoiding it, must share the

same fate, and both alike await the result of legislative action. In other words, as the proviso, which points out a mode of increasing the tax and removing the restriction to a certain extent, does need legislative action before it can be effectuated, the restriction itself, though confessedly needing no legislation to enforce it, must, like the mode of avoiding it, remain inoperative until the legislature shall provide such mode.

The question is an important one, not only as regards the interests involved in the present application, but as its decision must affect various other provisions of the constitution in reference to taxation accompanied with similar provisos.

Immediately succeeding this clause in relation to taxation for school purposes, follow similar restrictions and similar provisions by which the restrictions may be removed. Thus in the same section it is provided: "For the purpose of erecting public buildings in counties, cities, or school districts, the rates of taxation herein limited may be increased when the rate of such increase, and the purpose for which it was intended, shall have been submitted to a vote of the people, and two-thirds of the qualified voters of such county, city, or school district, voting at such election, shall vote therefor." And section 12 declares, that: "No county, city, town or township school district, or other political incorporation, or sub-division of the State, shall be allowed to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof voting at an election to be held for that purpose; nor in cases requiring such assent shall any indebtedness be allowed to be incurred to an amount, including existing indebtedness, in the aggregate exceeding 5 per cent. on the value of the taxable property therein, to be ascertained by the assessment next before the last assessment for State and county purposes previous to the incurring of such indebtedness: provided, that with such assent any county may be allowed to become indebted to a larger amount for the erection of a court house

or jail ; and provided further, that any city, town, township, school district, or other political corporation or sub-division of the State, incurring any indebtedness, requiring the assent of the voters as aforesaid, shall, before or at the time of doing so, provide for the collection of an annual tax, sufficient to pay the interest on such indebtedness, as it falls due, and also, to constitute a sinking fund for payment of the principal thereof within twenty years from the time of contracting the same."

In the first part of section 10, the constitutional rates of taxation for county, city, town and school purposes are fixed. The provisions above quoted allow certain modifications of these rates. The question then is, must the rates of taxation fixed in the constitution, when accompanied with provisions in that instrument authorizing their modification, await the action of the legislature to provide the means of obtaining such modification before the rates themselves go into operation ?

The 15th section of the schedule to the constitution declares, that " the General Assembly shall pass all such laws as may be necessary to carry this constitution into full effect." There is no way of enforcing this injunction on the legislature. Under our system of government there is no power to compel the legislative department of government to make laws. Constitutions may restrict legislative powers, and declare what laws shall not be valid ; but, from the very nature of legislative power, its exercise in a particular case must depend upon the volition of the legislature. Responsibility to a constituency, and a sense of public duty, are the only incentives which can prompt legislative action.

In the first constitution of this State, adopted on its admission into the Union, and in the succeeding one, adopted in 1865, the General Assembly was directed to provide by law a mode of suing the State ; yet it is well known that for upwards of fifty years this mandate was disregarded, and no one ever suggested that it could be enforced, unless it was the pleasure of the legislature that it should be.

If then the rates of taxation. declared in the 11th and 12th sections of the 10th article of the constitution depend for their enforcement upon the action of the legislative department of the government, they are mere abstractions, mere declarations of the opinion of the convention which framed the constitution, entitled of course to such weight as the opinions of so able and respectable a body necessarily possess, but effecting no constitutional barriers against legislative extravagance or constitutional assurances of retrenchment in public expenditures and taxation consequent thereon.

The convention were doubtless aware of their inability to coerce the legislative department into the enactment of laws, which, in the opinion of the convention, were desirable, and, therefore, declared certain rates and limits of taxation as the constitutional limits and rates, providing at the same time a mode by which the legislature and the people might exceed them if they saw fit.

Any construction, which makes these constitutional restrictions dependent on legislative action, destroys their vitality. The legislature may not see proper to pass any laws affording an. opportunity to the voters to increase the school tax to 100 per cent. in cities and towns, and 65 per cent. in county school districts ; and, if it is conceded that the restriction to 4 mills on the dollar needs legislation to enforce it, because the process by which this rate of taxation may be increased does, then, in the absence of any legislation, there is no limit, and these provisions of the constitution are lifeless. After the 1st of July, 1877, the laws inconsistent with them are repealed ; but, if no legislation occurs, and the position that legislation is needed to enforce the restriction is a correct one, then both the restriction and the proviso are inoperative, and the legislature may regulate the rate of taxation at their pleasure.

The legislature already possessed the power of limiting taxation to the maximum adopted in the constitution ; but it was not the object or intention of the framers of the constitution to leave these limits to legislative discretion ; but to

declare constitutional limits, which, until removed in the mode pointed out in the constitution, should prevail on its adoption. If the legislature and the people desire to increase this rate, a mode is provided by which it may be done; but, until this is done, the constitutional limit prevails.

The provision of the constitution required no legislation to enforce it, and, therefore, on the adoption of the constitution, went into effect. The proviso, by which a mode was appointed to alter it to a certain extent, and which depended on legislative action, does not prevent the restriction from going into effect.

The court is therefore of opinion, that the refusal of the county court to levy a tax beyond 4 mills on the one hundred dollars was right, and the mandamus applied for is therefor refused.

The other judges concur. Judges Vories and Wagner absent.