STATE *ex rel.* BOARD OF EDUCATION OF MOBERLY, *Appellant*, v.
ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY.

| 74 163 |
| 57a 559 |

1. **Taxes, for Building School House:** CONSTITUTION OF 1875, SECTION 11, ARTICLE 10, NOT SELF-ENFORCING. On the 11th day of April, 1876, the Moberly Board of Education submitted to the people of their school district the question of making a levy of one per cent for the year 1876, upon all the property therein, to be used in the construction of a public school building. From the returns of that election it appeared that two-thirds of the qualified voters had voted in favor of the proposition. The levy was thereupon made. Section 11, article 10, of the constitution of 1875, provides that: "For the purpose of erecting public buildings in ＊ ＊ school districts, the rate of taxation herein limited may be increased when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the people, and two-thirds of the qualified voters ＊ ＊ of such school district voting at such election shall vote therefor." *Held*, that this provision of the constitution required legislation to enforce it, and that, as there was none such until May 24th, 1877, (Acts 1877, p. 405,) the levy of 1876 and all subsequent proceedings were illegal and void.

2. **Taxes:** ESTOPPEL. Failure of a tax-payer to take steps to prevent an illegal levy of taxes, will not estop him from resisting the enforcement of the tax, when levied, against his property.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCK-
HARTT, Judge.

AFFIRMED.

*W. T. McCanne* for appellant.

The Moberly Board of Education had power to hold the special election, as held, for the purposes set out in the petition. Sess. Acts 1872, pp. 177, 178, §§ 2, 3; Sess. Acts 1870, §§ 6, 8, 9, pp. 129, 130. Prior to July 1st, 1877, it was not intended that the present constitution should affect any laws in force which could be enforced subject to the limitations in the constitution. Section 1, Schedule to Constitution; Cooley's Const. Limit., p. 100; *Supervisors of Doddrige v. Stout*, 9 W. Va. 703, 705; *Cahoon v. Comm.*, 20 Gratt. 733; *Lehigh Iron Co. v. Lower Macungie Township*, 81 Pa. St. 482. Respondent had a proper remedy at the proper time if said tax was irregular or illegal. *Mathis v. Cameron*, 62 Mo. 504; *Newmeyer v. R. R. Co.*, 52 Mo. 8 , *State v. Saline Co.*, 51 Mo. 350; *Overall v. Ruenzi* 67 Mo. 203. A tax-payer is estopped after tax is expended and permanent and valuable improvements are made and benefits derived; and is not permitted to evade payments after such silence and acquiescence. *Tash v. Adams*, 10 Cush. (Mass.) 252; *Kellogg v. Ely*, 15 Ohio St. 64; *Weber v. San Francisco*, 1 Cal. 455; Cooley on Taxation, p. 573, n. 5.

*Wells H. Blodgett* and *George S. Grover* for respondent.

The constitution, except when special provision is made for that purpose, does not enforce itself. It defines certain powers, but to make them operative legislation is necessary. *St. J. & D. C. R. R. Co. v. Buchanan Co. Ct.*, 39 Mo. 490; *Fusz v. Spaunhorst*, 67 Mo. 269; *Groves v. Slaughter*, 15 Pet. 449; *Williams v. Detroit*, 2 Mich. 560. If the legislature and the people desire to increase the rate of taxation beyond the constitutional limit, a mode is provided by which it may be done; but, until it is done, this limit must prevail. 62 Mo. 449; *State ex rel. Baird v. Holladay*, 66 Mo. 387. Respondent was not estopped from pleading the illegality of the tax as a defense; it was in time with

its protest when it was sought to deprive respondent of its rights under proceedings to enforce the tax. *Steckert v. East Saginaw*, 22 Mich. 104, 110; *Starr v. Burlington*, 45 Iowa 87; 43 N. Y. 107; 69 Mo. 372; *Greencastle Township v. Black*, 5 Ind. 557; Cooley on Taxation, p. 574; Hilliard on Taxation, p. 36.

HENRY, J.—On the 21st day of April, 1876, the relator levied a tax of 100 cents on the hundred dollars valuation on all property, including that of defendant, within said district. Prior to the first Monday in May, 1876, the board caused to be certified to the clerk of the county court of Randolph county, the estimates, with a report showing the rates of taxes levied, which were by said clerk duly extended upon the school tax-books. The total amount of taxes levied upon defendant's property amounted to $4,-151.25, $1,383.75 of which defendant paid, but refused to pay the balance, which was levied for the purpose of building a school house, and for the recovery of this balance this suit was instituted. The proposition to increase the rate for said building purposes was submitted to a vote of the qualified voters on the 11th of April, 1876, and two-thirds of the qualified voters of said district voted in favor of the proposition. A demurrer to the petition was sustained, and plaintiff has appealed.

The constitution of 1875, section 11, article 10, which took effect the 30th day of November, 1875, provides that: "For school purposes, in districts, the annual rate on property shall not exceed forty cents on the hundred dollars valuation; *Provided,* The aforesaid annual rates for school purposes may be increased in districts formed of cities and towns, to an amount not to exceed $1 on the hundred dollars valuation, and in other districts to an amount not to exceed sixty-five cents on the hundred dollars valuation, on the condition that a majority of the voters who are tax-payers, voting at an election held to decide the question, vote for said in-

1. TAXES, FOR BUILDING SCHOOL HOUSES: constitution of 1875, section 11, article 10, not self-enforcing.

crease. For the purpose of erecting public buildings in counties, cities or school districts, the rates of taxation herein limited may be increased when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the people, and two-thirds of the qualified voters of such county, city or school districts voting at such election shall vote therefor.    *    *    Said restrictions as to rates shall apply to taxes of every kind and description, whether general or special, except taxes to pay valid indebtedness, now existing, or bonds which may be issued in renewal of such indebtedness."

It was decided in the *St. Joseph Board of Public Schools v. Patton*, 62 Mo. 449, that: " The restriction in the constitution, in regard to taxation for school purposes, to forty cents on the $100, unquestionably requires no legislation to enforce it;" but " that the proviso which points out a mode of increasing the tax and removing the restriction," did require legislation to enforce it. By section 1 of the schedule of the constitution, it is provided: " That all laws in force at the adoption of this constitution, not inconsistent therewith, shall remain in full force until altered or repealed by the general assembly.    *    *
The provisions of all laws, which are inconsistent with this constitution, shall cease upon its adoption, except that all laws which are consistent with such provisions of this constitution as require legislation to enforce them, shall remain in force until the 1st day of July, 1877, unless sooner amended or repealed by the general assembly." There was no provision of the school law in force when the constitution was adopted, requiring or providing for a vote of the tax-payers of the school district, upon a proposition to levy a tax for the purpose of erecting a school building. By the law then in force, the school board, without submitting the proposition to a vote of the tax-payers, could levy a tax for that purpose, and it was, therefore, inconsistent with the proviso, which, in the *St. Joseph Board of Pub. Schools v. Patton*, was held to require legislation to en-

force it. The legislature places the same construction upon the proviso, by passing an act, May 24th, 1877, authorizing special elections in school districts for the purpose of increasing the rate of taxation for building purposes. Acts 1877, p. 405.

Nor is the proposition tenable, that defendant was estopped from making this defense, because it did not insti-

2. TAXES: estoppel. tute proceedings to restrain the enforcement of the levy. *The Town of Cameron v. Stevenson*, 69 Mo. 372. If the levy of the tax was in conflict with the constitution, it was void and lifeless, and no mere silence on the part of the defendant could vitalize it. *Cruger v. Dougherty*, 43 N. Y. 107; *Starr v. The City of Burlington*, 45 Iowa 87; *Steckert v. City of E. Saginaw*, 22 Mich. 110. The judgment is affirmed. All concur.