Oxey, C. J.
The act construed in Wyscaver v. Atkinson, 37 Ohio St. 80, and the act involved in the determination of this case (77 Ohio L. 165), are in substance the same, — the latter applying to no other than Dublin township, Mercer county, and the former to Beaver township, Noble county, alone, — and for reasons satisfactorily stated in that case, they are alike unconstitutional.
As an action of this sort, by tax-payers, is clearly authorized (Rev. Stats. §§ 5848-5851; Stephan v. Daniels, 27 Ohio St. 527), the sole question before us is, whether, in view of the matters stated in the answer, they are estopped to assert the unconstitutionality of the act under which the road was constructed.
An act of the general assembly in conflict with the constitution, is a mere nullity, and no one is estopped to assert its invalidity. Such is the general rule. And this is a matter to be determined by the court as a judicial question. South Ottawa v. Perkins, 94 U. S. 200, 267; The State v. Railway Co., 31 Ark. 701; The State v. Railway Co., 74 Mo. 163; Post v. Supervisors, 105 U. S. 667. But parties may, under special circumstances, be precluded from availing themselves of such infirmity. Where one actively intervenes to secure the passage of an act, or the expenditure of money in pursuance of it, or where one, with knowledge that improvements are in progress on his lands, under authority of a legislative enactment, permits the work to proceed without objection, there is much reason for saying he should not be permitted to plead that such statute is unconstitutional. Ferguson v. Landram, 1 Bush, 548; s. c., 5 Id. 230; approved, The State v. Mitchell, 31 Ohio St. 592, 610; and see cases cited by counsel, and Daniels v. Tearney, 102 U. S. 415, 421. But the same reason does not apply where there is only inaction, and “ the duty to speak ought to be very imperative to make mere silence operate as an estoppel.” Cooley on Taxation, 573. If we should hold the plaintiffs to be estopped on the facts here set forth, we would, in effect, require every property owner to determine, at his peril, in advance of the expenditure of any money under the authority of the act, whether such act was constitutional, and *518 incur the necessary expense of obtaining a judicial determination of the question. And he would thus become not only the guardian of his own property rights in that regard, but charged with the duty of controlling the conduct of the officers provided by law for the township.
"We are clear, that the doctrine of estoppel can never be rightly applied to the facts here presented. But the holders of the bonds are not before us. Moreover, the question as to the liability of the owners of lots abutting on a street improved under an unconstitutional act, to pay an assessment for such improvement, is presented in other cases which have been submitted but not decided. For these reasons this opinion is confined strictly to the question of estoppel on the facts set forth in the statement of the case.

Judgment reversed.