Okey, J.
I concur in the judgments rendered in these cases, and generally in the views expressed by the majority as to the questions directly presented by the record; but I do not concur in the view that, in a case like this, there may be an estoppel by silence. That question is not presented now, but it may become important in’the further hearing of the causes, 'and hence it has been deemed proper to consider it. In my opinion, where a municipal corporation grades and paves, in an ordinary manner, one of the public streets to which it has a title in fee, and seeks to charge, under an unconstitutional law, the expense on the owners of lots abutting on the street, such owners who have never encouraged the corporation, its officers and agents, by act or word, in making such improvement, will not be estopped to en join an assessment for such improvement, under Rev. Stats. §§ 5848, 5851, although they have been materially benefited by the improvement, and knew, while the improvement was in progress, that two-thirds of such owners had not, as required by the act, petitioned for the improvement, and that the officers and agents intended to assess such owners for the same. To estop them they must in some other way than by mere silence and inaction, have encouraged such officers and agents to make the improvement. State v. Railway Co., 74 Mo. 163; State v. Railway Co., 31 Ark. 701; Matter of Van Buren, 17 Hun, 527, affirmed, 79 N. Y. 384; Starr v. Burlington, 45 Iowa, 87; Counterman *312 v. Dublin Tp., 38 Ohio St. 515. Quinlan v. Myers, 29 Ohio St. 500, arose under a valid act, and I do not deem it necessary to consider -whether the case was properly decided. But I am further of opinion, that where lot owners have said things or done acts which were intended to and did encourage the officers and agents of the corporation in making the improvement under the statute, such statute is as to them valid, and should be enforced, and it is immaterial whether they actually knew that there was any defect in the law or the proceedings under it, or were, or were not, specially benefited by the improvement, beyond other owners of abutting lots.