ARNOLD, *Appellant*, v. HAWKINS, *Collector*.

1. **Injunction:** ILLEGAL TAXES. An injunction will lie in behalf of a taxpayer to prevent the collection of taxes in excess of the constitutional limitation, he having paid all the taxes except those he claims to be illegal.

2. **Constitution :** TAXATION FOR COUNTY PURPOSES : ANNUAL RATE. A county cannot levy taxes to pay judgments against it founded on warrants issued since the adoption of the present constitution, to meet current expenses incurred since said adoption, where such levy is in excess of the rate prescribed for county purposes in article ten, section eleven, of said constitution.

*Appeal from Ozark Circuit Court.*—HON. J. F. HALE, Judge.

REVERSED.

. *W. J. Orr* for appellant.

·"For county purposes the annual rate on property, in counties having six million dollars or less, shall not, in the aggregate, exceed fifty cents on the one hundred dollars valuation ; said restrictions, as to rates, shall apply to taxes of every kind and description, whether general or special, except taxes to pay valid indebtedness now (then) existing, or bonds which may be issued in renewal of such indebtedness." Const. 1875, sec. 11, art. 10. The limitations in the above section are self-enforcing and do not require legislation to make them effective. *State ex rel. v. Van Every*, 75 Mo. 537 ; *St. Joseph v. Patten*, 62 Mo. 444, 450. A cardinal rule in dealing with written instruments is, that they are to receive an unvarying interpretation, and that their practical construction is to be uniform. Cooley Const. Lim. [4 Ed.] 67. "A constitution is not to be made to mean one thing at one time and another at some subsequent time when the circumstances may have so changed as perhaps to make a different rule in the case seem desirable. What a court is to do is to declare the law as written, leaving it to the people themselves to make such changes as new circumstances may require." Cooley on Const. Lim., *supra*, and cas. cit. The object of construction as applied to a written constitution is to give effect to the intent of the people in adopting it. '

*J. L. Davis* for respondent.

BLACK, J.—The plaintiff, who is a taxpayer in Ozark county, brought this suit against the collector of the revenue of that county to enjoin the collection of certain taxes levied for the year 1886. The case was

submitted to the circuit court on agreed facts under section 3700, Revised Statutes, and so far as essential to an understanding of the only questions raised on this appeal, the facts are as follows:

(2) That the following taxes appear on said books for the year 1886, as extended against the property of plaintiff: twenty cents on the one hundred dollars valuation for state revenue tax; twenty cents on the one hundred dollars valuation for state interest tax; fifty cents on the one hundred dollars valuation for county revenue tax; forty cents on the one hundred dollars valuation for county special tax; forty cents on the one hundred dollars valuation for county judgment tax; five cents on the one hundred dollars valuation for county road tax.

(3) Plaintiff has fully paid all of said taxes except the said county judgment and county road taxes, which last-named taxes amount to the sum of $6.34 county judgment, and eighty-two cents county road tax; and which sums the plaintiff refuses to pay subject to the determination of the legality of the same.

(4) It is further agreed that said county revenue tax, amounting to fifty cents on the one hundred dollars valuation, is levied, collected, and used to meet all the ordinary current expenses of the county, as is provided for in section 6818, Revised Statutes, 1879, and the whole thereof is required for that purpose.

(5) That the said forty cents on the one hundred dollars valuation, called county special tax, is levied, collected, and apportioned to pay debts created prior to November 30, 1875, or renewal bonds in lieu thereof, or the interest thereon, and cannot legally be used for any other purpose.

(6) That the said forty cents judgment tax is levied and is to be collected and used to pay judgments now existing against said county, which said judgments are founded wholly upon warrants issued since November

30, 1875, and which said warrants were drawn to pay current expenses of the county made and created since last-named date.

. The circuit court enjoined the collection of the five cents county road tax, and refused to enjoin the collection of the tax designated as "forty cents on the one hundred dollars valuation for county judgment tax," and this last ruling presents the only question now before us for consideration.

As the plaintiff has paid all the taxes except those which he claims are illegal, he may have relief by injunction, as to such as are illegal and levied in excess of constitutional limitations. *Overall v. Ruenzi*, 67 Mo. 203; *Ewing v. Board*, 72 Mo. 436.

Section eleven, of article ten, of the constitution of 1875, among other things provides : "For county purposes the annual rate on property in counties having six million dollars or less, shall not, in the aggregate, exceed fifty cents on the one hundred dollars valuation * * * Said restrictions, as to rates, shall apply to taxes of every kind and description, whether general or special, except taxes to pay valid indebtedness now existing or bonds which may be issued in renewal of such indebtedness."

This constitutional provision took effect on the thirtieth of November, 1875, and it and the other like limitations upon the rate of taxation require no legislative aid to give them vitality. They are self-enforcing, as has been repeatedly ruled. This is true, though the proviso therein contained, providing for an increased rate of taxation for designated purposes, does require legislative aid. *St. Joseph Board of Public Schools v. Patton*, 62 Mo. 449 ; *State ex rel. v. Railroad*, 74 Mo. 163 ; *State ex rel. v. VanEvery*, 75 Mo. 530.

In this case it appears from the agreed facts that the county has levied and plaintiff has paid a tax of fifty cents on the one hundred dollars valuation for county purposes. The tax of forty cents on the one hundred

dollars appears to have been levied to pay warrants issued since November 30, 1875, to pay current court expenses made and created since that date. It, therefore, cannot be a tax to pay indebtedness existing at the date of the adoption of the present constitution; and being levied to pay warrants for county current expenses, it cannot be a tax to pay for erecting public buildings. Indeed it cannot be a tax for any purpose for which a tax in excess of the fifty cents on the one hundred dollars valuation can be levied. It is, therefore, clearly within the constitutional prohibition, and is an illegal tax, the collection of which should be enjoined.

What remedy the judgment creditors may have, presents a question not before us on this appeal. It is enough to know that plaintiff has paid all the taxes that can be levied on his property for county purposes for the year in question. It is not his duty to see how it shall be appropriated or applied.

The judgment is reversed, with directions to the circuit court to enter up a decree enjoining the collection of the forty cents on the one hundred dollars valuation now in question, as well as the five-cent tax. All concur.