THE CENTER BUILDING COMPANY v. THE CITY OF ST. JOSEPH *et al.*, *Appellants.*

DIVISION ONE.

1.  **Constitution:** TAXATION: SELF-ENFORCING PROVISIONS. The limitations on the exercise of the taxing power contained in the constitution, article 10, section 11, are self-enforcing.

2.  **Municipal Corporation:** ASSESSMENT: INCREASING VALUATION: ORDINANCE. Where land in a city of the second class was assessed at a certain valuation for taxation for state and county purposes and afterwards buildings were erected thereon, the city assessor was not authorized within two years from the fixing of such valuation to make an additional assessment on the buildings for city taxes, notwithstanding the existence of an ordinance providing that no parcel of land should have a higher valuation placed on it than that given it at the last assessment for state and county purposes, but to such valuation there should be added the value of all improvements made on the land since such assessments.

*Appeal from Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

The Center Building Co. v. St. Joseph.

*Huston & Parrish* for appellants.

(1) Section 11, article 10, constitution of Missouri, does not deal with the individual assessments of each piece of property, real or personal, but is only aimed at keeping the gross assessment of property in the city, made by the city assessor, down to the same amount as that made by the county assessor on property within the city, so as to make the limitation on the levy effectual. (2) If it be true that the constitution contemplates individual valuations then there is no method provided by which the county assessment can be certified to the city assessor, and, as the valuations are made at different times six months apart, then the valuation by the city assessor would be a mere blind guess, of no value whatever. The provision of the constitution invoked in this case, not providing for its own enforcement, requires some provision of law to enforce it; otherwise no valid assessment of real or personal property could be made by the city assessor. (3) One of the chief objects of our constitution is to prevent tax evasion, and to compel all property, not exempt, to bear its due proportion of the burdens of the government.

*Porter & Woodson* for respondent.

(1) Section 11, article 10, of the constitution is self-enforcing. *Board v. Patton*, 62 Mo. 44; *State ex rel. v. Van Every*, 75 Mo. 537; *Arnold v. Hawkins*, 95 Mo. 572. (2) The city had no power to add to the valuation of the plaintiff's lots, as fixed for state and county taxation, the value of improvements placed thereon after such valuation by the county assessor. *Richards v. Wapello Co.*, 48 Iowa, 507; Cooley on Taxation [2 Ed.] pp. 356, 368, cases cited; *Snell v. City*, 45 Iowa, 564; *Goold v. Lyon Co.*, 36 N. W. Rep. 906; 74 Iowa,

95 ; R. S. 1879, sec. 6705. (3) There is no authority conferred on the city to levy taxes on a separate valuation of buildings erected on real estate ; such buildings become a part of the land. R. S. 1879, sec. 6705 ; R. S. 1889, sec. 7552 ; R. S. 1879, sec. 6664 ; R. S. 1889, sec. 7510 ; *McGee v. Salem*, 149 Mass. 238. (4) The term real estate, when used in the city charter, must be taken to mean all that is included in the statutory definition of that term. The statute declares that real estate shall be deemed to be coextensive with land tenements and hereditaments. Revised Statutes, 1889, section 6570, subdivision 9, carried through all the revisions from Revised Statutes, 1855, page 1026, section 22 ; Revised Statutes, 1889, section 7510, continued from Wagner's Statutes, 1872, page 1159, section 8, construing lot to include not only the land itself but also buildings, etc.

BRACE, J.—This is a proceeding by injunction to restrain the collection of certain city taxes. The plaintiff is a business corporation, and the defendants, a city of the second class, its treasurer, collector and auditor.

The case was tried upon the following agreed statement of facts : " That the lots or parcels of ground described in the petition were assessed by the county assessor in the year 1887 for state and county purposes for the years 1888-9, and the value thereof by such assessment was placed at twenty-one thousand dollars ( $21,000 ). That after such assessment for state and county purposes was made, and before the first day of January, 1889, the plaintiff herein began the erection of a large building on said lots or parcel of ground and had expended thereon fifty thousand dollars ( $50,000 ) before the first day of January, 1889.

" That at the annual city assessment for 1889 the city assessor assessed the value of said parcel of land, aside from the aforesaid improvements, at the same sum as it had been assessed by the county assessor in the year

1887, to-wit, the sum of twenty-one thousand dollars ( $21,000 ), and that said city assessor also assessed at his annual assessment, for the year 1889, the building or improvements so placed on said lots as aforesaid at the sum of twenty-five thousand dollars ( $25,000 ); that such assessment was so made under and in accordance with chapter 3, general ordinances of the city of St. Joseph, as found on page 193, revised ordinances of said city ; that section 3 of said ordinance is hereby made a part' of this stipulation. It is further stipulated that the tax levy for city purposes for the year 1889 was as stated in the petition, and that the plaintiff has paid to the city collector the tax upon such levy for said year upon an assessed valuation of twenty-one thousand dollars ( $21,000 ). That the taxes enjoined in this case, and in contest here, are taxes extended at the rates fixed for city taxes for the year 1889, upon the assessed value of the improvements as above set out and stated and extended against said lot or parcel of ground.

"Section 3 of the ordinance referred to in the above agreement, and made a part thereof, is as follows :

"'In assessing real property, no lot, tract or parcel of land shall have a higher valuation placed on it than the valuation placed thereon at the last assessment made for county and state purposes ; but to such valuation there shall be added by the assessor the value of all improvements made on each lot, tract or parcel of ground since the date of last assessment made for state and county purposes ; which added valuation shall be by the assessor placed in a separate column on the city land tax book. And, to determine the value of such improvement, the assessor may examine under oath the owner thereof, and such other competent persons as he may deem proper.'"

The court found for the plaintiff and made the temporary injunction perpetual. The defendant appeals.

The constitution ( art. 10, sec. 11 ) provides that "Taxes for county, city, town and school purposes may

be levied on all subjects and objects of taxation; but the valuation of property therefor shall not exceed the valuation of the same property in such town, city or school district, for state and county purposes.  *  *  * For city and town purposes the annual rate on property in cities and towns having thirty thousand inhabitants or more shall not, in the aggregate, exceed one hundred cents on $100 valuation."

By the statutes in force at the time of the assessments in question, the valuation of real estate for state and county purposes was made on the first of June and was required to be made only every two years thereafter, and each assessment of real estate so made was made "the basis of taxation on the same for the two years next succeeding." R. S. 1879, sec. 6705; Sess. Acts, 1881, sec. 5, p. 180. And the term "real estate" was defined "to mean and include not only the land itself, whether laid out in town or city lots or otherwise, with all things contained therein; but also all buildings, structures and improvements, and other permanent fixtures of whatsoever kind thereon." R. S. 1879, sec. 6664; Sess. Acts, 1883, p. 135.

The valuation of property for city purposes was made on the first day of January of each year, and it was authorized to be made "upon all property in the city liable to taxation for state purposes." R. S. 1879, secs. 4694, 4700.

I. By the constitutional and statutory provisions, above cited, bearing directly upon the validity of the assessment, and of the ordinance under which it was made, the issue in this case must be determined.

II. That the limitations upon the exercise of the taxing power contained in the foregoing constitutional provisions are self-enforcing, is beyond dispute. *Arnold v. Hawkins*, 95 Mo. 572; *State ex rel. v. Wan Every*, 75 Mo. 530; *School v. Patten*, 62 Mo. 444; Cooley on Tax. [2 Ed.] p. 101.

The only question is, whether the ordinance and assessment made by virtue thereof transcends these limitations.

III. The basis for the levy of taxes for state and county purposes on the two lots in question, for the year 1889, as well as for the year 1888, was fixed, by the valuation placed upon them by the county assessor in June, 1887, at the sum of $21,000. Such valuation by the plain terms of the statute included the lots and all the improvements thereon. No provision is made for any change in that valuation as a basis for the levy of taxes for the year 1889, by any event, either increasing or diminishing the value of the property; and no provision is made anywhere in the law for the separate assessment of any improvements that may have been made upon the lot since that valuation as a basis for taxation for state and county purposes for the year 1889. Therefore, notwithstanding the fact, that the value of the real estate in question has been, by such improvements, increased to the value of $46,000, the assessed value of the lots, including improvements, for taxation for state and county purposes for that year must remain at $21,000.

This is the situation in which the state and county are placed in regard to taxes upon this property as a result of the law requiring only biennial assessments of real estate. Is the city of St. Joseph in any better position, when it comes to make its assessment for the year 1889 for city purposes? How can it, by any mode of proceeding, levy a tax upon a valuation of such property in excess of $21,000 under the organic law, which requires that its valuation of such property shall not exceed the valuation of the same property for state and county purposes?

That the lots and whatever improvements, if any, were on them when the valuation in June, 1887, was made at $21,000 is the same property upon which the city placed a valuation of $46,000, under its ordinance on

the first of January, 1889, is not only recognized as a physical fact by the common law, but is reinforced and emphatically declared by the statute; and the only way the improvements can be assessed at all by the city for city taxes is in the value that such improvements give to the lot, and that value is fixed by the assessment for state and county purposes for 1889. That the constitutional restriction upon the valuation of property for taxation for city purposes applies to the property of each individual owner of such property, and was intended for his protection against overvaluation by cities, towns and school districts, is evident from the terms of the section in which it is contained. The sentence in which this restriction is contained speaks of individual values; and the next, fixing rates of taxation, proceeds with a restriction upon such values aggregated. This seems too plain for argument.

The judgment of the circuit court is affirmed. All concur."