BLACK, *Appellant*, v. McGONIGLE.

DIVISION ONE.

1. **County Board of Equalization: JUDICIAL DUTIES.** The duties of county boards of equalization in equalizing the value of property are judicial.

2. ——— : RAISING VALUE OF PROPERTY : TAXATION.  Under Revised
Statutes, 1879, section 6672, the county boards of equalization may
raise the assessed value of real estate in townships by a single order
on a per-centum basis for each township, where in their judgment
the assessed value is such per cent. below the true value.

3. ——— : ——— : NOTICE : CORRECTING MISTAKE.  Where the board
of equalization makes a mistake in giving the notice required by
Revised Statutes, 1879, section 6673, to the effect that it " will meet
on the fourth Monday of April to hear reasons, if any may be
given, why such increase should not be made," it may on discov-
ering the mistake adjourn a sufficient length of time to have a
correct notice published.  (R. S. 1879, sec. 6858.)

4. ——— : NOTICE.  The new notice given in this case held sufficient.

5. Taxation : CONSTITUTION.  The fact that a tax in excess of fifty
cents on the $100 valuation in violation of the provisions of the
constitution (art. 10, sec. 11) is levied pursuant to an order of the
circuit court does not validate it.

Appeal from Knox Circuit Court. — HON. B. E.
TURNER, Judge.

REVERSED AND REMANDED.

F. L. Scofield and John C. Anderson for appellant.

(1) The raising of the valuations by the county
board of equalization of all the real estate in every
township in the county (except one) by the entry of
a single order on a per-centum basis, was in no sense
an equalization of valuations of such property.  Such
action by the board was unauthorized by the statute
and therefore void.  R. S. 1879, sec. 6672; R. S. 1889,
secs. 7518, 7519; Acts of 1887, p. 232.  (2) No notice
of the action of the county board of equalization raising
the valuation of his property fifty per cent. was given
as required by law.  The assessment made upon plain-
tiff's property by the assessor was a judicial act.  Ins.
Co. v. Charles, 47 Mo. 462 ; Railroad v. Maguire, 49 Mo.
482.  From which, if plaintiff had felt aggrieved, he was
provided a remedy by appeal.  R. S. 1879, sec. 6674 ;

R. S. 1889, sec. 7520.   But having no ground of complaint himself, he had a right to rely on the judgment rendered by the assessor fixing the valuation upon his property, until notified in the manner appointed by the statute that the county board had raised such valuation. The express purpose of such notice was to afford every property-owner who felt aggrieved by the action of the board an opportunity to appeal from its decision.   This was the due process of law to which he was entitled. Without such notice such increase in the valuation of property for the purpose of taxation would be depriving plaintiff of his property without due process of law. Cooley on Taxation [ 1 Ed.] pp. 265, 266, 268.   Due process of law in this case was the notice provided for by the statute.   More than this could not be required ; less than this is utterly insufficient.   *Mining Co. v. Neptune*, 19 Mo. App. 438 ;   *Cleghorn v. Postlewaite*, 43 Ill. 428 ; *Darling v. Gunn*, 50 Ill. 424 ;   *Cone v. Lang*, 8 Kan. 284 ; *State v. Anderson*, 38 N. J. Law, 82.   ( 3 )   The levy by the county court of the additional fifteen cents over and above the fifty cents on the $100 valuation previously levied was an unauthorized act expressly forbidden by the constitution.   Mo. Const., art. 10, sec. 11 ;   *Overall v. Ruenzi*, 67 Mo. 203 ;   *Arnold v. Hawkins*, 95 Mo. 569 ; *Book v. Earl*, 87 Mo. 246.   The judgment and order of the circuit court of June 18, 1888, directing the county court to make such a levy was a nullity, and gives no validity to the order of the county court making the fifteen cents additional levy.   *State ex rel. v. Railroad*, 97 Mo. 296.   ( 4 )   The right of the plaintiff, a taxpayer, for himself, and on behalf of all other taxpayers similarly situated, by bill in equity to assail the illegal acts of county courts in respect to assessing and levying taxes, and enjoin and restrain the collection thereof, is abundantly established.   *Neumeyer v. Railroad*, 52 Mo. 81 ; *Overall v. Ruenzi*, 67 Mo. 203 ; *Ranny v. Bader*, 67 Mo. 476 ; *Wagner v. Meety*, 69 Mo. 150.

*William Clancy* for respondent.

(1) The notices given were sufficient. R. S. 1879, sec. 6673 ; Acts, 1887, p. 232, sec. 2 ; 19 Mo. App. 438. ( 2 ) The acts of the board in equalizing the real estate were legal and proper. *County Commissioners v. Parker*, 7 Minn. 207 ; *Tweed v. Metcalf*, 4 Minn. 579 ; *Tallmadge v. Supervisors*, 21 Barb. 611 ; *State v. Allen*, 43 Ill. 456 ; *People v. Nichols*, 49 Ill. 517 ; Cooley on Taxation, 422–3. (2) " A failure of the board to sit from day to day as directed by the statute will not invalidate the taxes if, in fact, full opportunity to be heard and make objections was given to all." Cooley on Taxation [2 Ed.] p. 422, and authorities cited. ( 3 ) The board is not bound to give notice to taxpayers before raising the assessment. *Hallo v. Helmer*, 12 Neb. 87 ; *Gilbert v. Lyon Co.*, 30 Kan. 166. (4) The special levy of fifteen cents on the $100 over and above the fifty cents on the $100 of taxable property of Knox county for the year 1888 was made in due form of law, *i. e.*, the special levy is not in violation of article 10, sections 11 and 12, of the constitution of the state of Missouri. The said special levy was made as provided by law, under article 5, county revenue, Revised Statutes of 1879, page 1335, sections 6798, 6799 and 6800. *Book v. Earl*, 87 Mo. 252 ; *Potter v. Douglas Co.*, 87 Mo. 239.

BLACK, J.—This is a suit against the collector of revenue of Knox county, to enjoin him from collecting part of the county taxes levied upon the real estate of the plaintiff, a tender having been made of the part admitted to be legal. The right to relief is based upon the alleged illegal act of the county board of equalization in raising the assessed value of the land, and it is also contended that a small portion of the tax is unconstitutional. The temporary injunction was dissolved on final hearing, and the plaintiff appealed.

The plaintiff's land is in Lyon township and was duly assessed by the county assessor at the value of $3,337. Pursuant to law the county board of equalization met on the first Monday of April, 1888, and on the next day, it being the third day of that month, made the following orders:

"Ordered by the board of equalization that they have, and do hereby equalize the valuation and assessments on all real estate in the county of Knox, and in the various townships therein, taking the assessed valuation of real estate in Center township as a basis, and do hereby equalize and raise the valuation of all real estate in the the following townships, viz. :

| | |
|---|---|
| " Fabius township, 50 per cent. | Liberty township, 40 per cent. |
| " Jeddo township, 40 per cent. | Benton township, 45 per cent. |
| " Myrtle township, 48 per cent. | Salt River township, 30 per cent. |
| " Colony township, 45 per cent. | Shelton township, 54 per cent. |
| " Bourbon township, 45 per cent. | Lyon township, 50 per cent. |
| " Bee Ridge township, 45 per cent. | Greensburg township, 35 per cent. |

" And ordered that the assessor's books and tax books be arranged in harmony with the above order. Average per acre, $7.50.

"Ordered by the board that the above order be published in the Edina *Sentinel*, and that the board of appeals will meet on the fourth Monday of April next to hear the reasons, if any may be given, why such increase should not be made."

The clerk published in the designated newspaper a notice which begins by saying, "County board of equalization, April term, 1888. The county board of said county met on the third day of April, 1888, when the following proceedings were had, viz. :" Then follows a copy of the first of the above orders with the exception that the words, "Fabius township, fifty per cent." are made to be read, Fabius township fifty cents on the $100 valuation." The same mistake occurred in respect of the other townships. The notice concludes:

"The board of appeals meets on the fourth Monday in April.                              F. M. MILLER,
"Clerk."

The board met on the fourth Monday of April, it being the twenty-third day of the month, as required by law, and then made an order to the effect that a true copy of its proceedings had on the third of April be published in the same newspaper for two weeks, and then adjourned until the twelfth of May, 1888, for further proceedings.    Notice of the former proceeding was given for the length of time, and in the paper, specified in the last-mentioned order.    The form of the notice is the same as the former one, but it contained a correct copy of the order of April 3, and concluded as follows: "The board of appeals meets on the twelfth day of May."

It is admitted that the total value of taxable property in the county was and always had been less than $6,000,000.    On the fifteenth of May, 1888, the county court by its order fixed the rate of taxation for that year for county purposes at fifty cents on the $100 valuation, and at the same time apportioned the revenues to be collected to the different funds.    Subsequently and on June 19, 1888, the county court made an additional levy of fifteen cents on the $100 valuation.    This additional levy was made pursuant to an order of the circuit court, made on the eighteenth of the same month, under sections 6798, 6799 and 6800, commonly called the city law.    The order of the circuit court was made upon warrants issued to pay ordinary county expenditures, and not to pay for the erection of public buildings or any indebtedness existing prior to the thirtieth of November, 1875.

1.    The first contention of the appellant is that the action of the board in raising the assessed values of real estate in all the townships, except one, by a single order on a per-centum basis, is illegal and void.

The propositions contained in this objection must, of course, be determined by the statute. Section 6672, Revised Statutes, 1879, gives to the board power "to hear complaints and to equalize the valuation and assessments upon all real and personal property within the county," and it is then made the duty of the board "to equalize the valuation and assessment of all such property, both real and personal * * *, so that each tract of land shall be entered on the tax book at its true value." According to the plain letter of the statute, the board has not only the power to hear complaints, but it has the power, of its own motion, to equalize the valuation for the purposes named in the law, namely, so that each tract of land shall be entered at its "true value."

In performing these duties the board acts judicially; this has been often held, and the very nature of the duty to be performed makes it a judicial one. *St. Louis Mutual Life Ins. Co. v. Charles*, 47 Mo. 465; *Railroad v. Maguire*, 49 Mo. 483; Cooley on Taxation [1 Ed.] 291. The board has jurisdiction over all the lands in the county, and generally in practice its actions will be confined to raising and decreasing the assessed value of particular parcels, so as to bring all the lands in the county to a uniform value. The law, however, clearly contemplates that all property shall be assessed at its true value (sec. 6711), and if, in the opinion of the board, this has not been done, then the assessment may be increased so as to comply with the spirit and intention of the law. Where the lands in one township have been assessed at their true value, and those in another township have been assessed at a uniform lower rate, then the assessed value of the lands in the latter may be brought up to the standard of the former, and that is what appears to have been done in the present case. In such a case it is not necessary to specify each parcel of land thus increased. It is sufficient to increase the assessed value of all the lands in the particular township

by one order; and this increase may be made on a per-centum basis. Says Cooley: "In raising or reducing the assessment of a particular district, it is sufficient for the board to designate a percentage of increase or decrease " Cooley on Taxation [ 2 Ed.] 422. The foregoing observations dispose of the first objection.

2. The increase of fifty per cent. in this case is next assailed on the ground that the notice of the increase was defective in these several respects : *First*, it was not addressed to plaintiff or to any particular person or persons ; *second*, it did not specify the plaintiff's property ; *third*, it did not specify the amount raised ; and, *fourth*, it did not say when the board would meet to hear reasons why the increase should not be made.

Section 6673, Revised Statutes, 1879, as amended by the act of 1887 ( Acts, 1887, p. 232 ), provides : "But after the board shall have raised the valuation of such real estate, it shall give notice of the fact, specifying the property and the amount raised ( to the persons owning or controlling the same, by personal notice through the mail, or by advertisement in any paper published in the county), and that said board will meet on the fourth Monday of April, to hear reasons, if any may be given, why such increase should not be made." Before the amendment the words in parenthesis read, "either by advertisement in a newspaper published in the county, or, if there be none, then by posters, one to be put up in each township," and the words "*shall give notice*" read "*shall give public notice.*"

The order of the board on the third of April raised the assessed value of all lands in Lyon township fifty per cent., while the notice given by the clerk showed an increase of fifty cents on the $100 valuation. There is certainly a vast difference between the order, as made, and the notice given. The notice as given cannot be said to specify the amount raised. The taxpayer might

well disregard the increase as specified in the notice, and yet have a serious and valid objection to the increase made by the board.

The question then arises whether the board on discovering the mistake had the power to order a new notice. The statute requires the board to meet at the office of the county clerk on the first Monday of April. The board did so meet and this is affirmatively shown by its record. The statute does not say anything about adjournments, still it must have been in the contemplation of the legislature that the board could and would hold its sessions long enough to dispose of the business before it, and in many counties this would necessitate various adjournments. That the board has the power to adjourn from time to time, we entertain no doubt whatever. The law also makes it the duty of the board to meet on the fourth Monday of April " to hear reasons, if any may be given, why such increase should not be made." In this case the board met pursuant to the command of the law, but the published notice being defective the board ordered a new notice to be given and then adjourned to the twelfth of May.

Now, section 6858, Revised Statutes of 1879, provides among other things: "Nor shall any failure of any officer or officers to perform the duties assigned him or them on the day, or within the time specified, work an invalidation of any such proceedings." In view of this provision of the law, and of the fact that the board has the power to adjourn from time to time, as the necessities of the case may demand, and of its undoubted right to correct its own proceedings, we are of the opinion that it was entirely competent for the board to order a new notice to be given. We are, therefore, to consider the objections made as made to this new advertised notice.

The second and third objections, that the notice did not specify the plaintiff's property nor the amount raised, are not well taken. The notice did specify all

real estate in Lyon township, and that included the plaintiff's land with just as much certainty as if it had been pointed out by the sectional subdivisions. The amount raised was also specific and definite, being fifty per centum of the assessed value. If, as we have held, it was competent for the board to raise the assessed value of all the lands in the township by adding a specified per centum, then due notice of the order as made is all the law demands.

The fourth objection that the notice did not say when the board would meet to hear reasons why the increase should not be made is also not well taken. The notice given says, "The board of appeals meets on the twelfth of May." No notice is required to be given until the board has taken action, for such is the plain letter of the law, and this the land-owner must be presumed to have known. The notice being given with the statement that the board would meet on the twelfth of May, no other inference could be drawn but this, that the board would then be in session to hear objections to the increase previously made. The objection taken to the notice is very technical, and in our opinion should not prevail.

As to the objection that the notice was not addressed to the plaintiff or any particular person. The amendment, it is urged, makes a radical change in the law, and by it the notice must, no matter how given, be addressed to the owner or person controlling the land by name. According to the amendment, when the board has raised the assessed value of real estate, it must give notice of the fact, "to the persons owning or controlling the same by personal notice through the mail, or by advertisement in any paper," etc. When the notice is given through the mail it should be addressed to the person owning or controlling the land. But where, as here, the assessed value of all the lands in a designated township or townships is raised on a per-centum basis, and the notice is given by advertisement, it is sufficient

to publish the order as made by the board. In case of newspaper notice the statute is susceptible of this reading: "Shall give notice of the fact, specifying the property and amount raised by advertisement," etc. Any other construction would make it impracticable to carry out the law, and we should read the statute in the light of the subject-matter with which it deals, and give to it an interpretation capable of execution, when that can be done without doing violence to the language used. The second notice was, we conclude, good and sufficient, though it did not give the names of the land-owners.

3. Finally as to the additional tax of fifteen per cent. on the $100 valuation. Section 11, of article 10, of the constitution provides that,. "for county purposes, the annual rate on property, in counties having $6,000,000 or less, shall not, in the aggregate, exceed fifty cents on the $100 valuation." The above rate may be increased for the purpose of erecting public buildings, and the restriction does not apply to taxes levied to pay indebtedness existing at the adoption of the constitution, November 30, 1875. The admitted facts in this case show that this additional tax was not levied to pay for public buildings nor to pay any indebtedness existing prior to November 30, 1875. It was levied to pay warrants issued in payment of county expenses. The county court had already levied fifty cents on the $100 valuation and apportioned the revenue to be collected to the various funds.

That levy reached the constitutional limit, and the additional fifteen per cent. was levied in plain violation of the constitution, and its collection should be restrained. Enough has been heretofore said upon this subject. *Book v. Earl*, 87 Mo. 246; *Arnold v. Hawkins*, 95 Mo. 569. It can make no difference that this tax was levied pursuant to an order of the circuit court, for that order could not have the effect to make the taxpayer liable for an illegal and unconstitutional tax. The judgment in this case is reversed, the cause is remanded, and the circuit court is hereby directed to enjoin and restrain the

defendant from collecting the said tax of fifteen cents on the $100 valuation. The prayer for relief in other respects will be denied; Brace, J., absent, the other judges concur.