# THE STATE ex rel. McLEOD LUMBER COMPANY v. BAKER et al., Appellants.

### Division Two, November 18, 1902.

1. **Assessment:** BOARD OF EQUALIZATION: NOTICE. The law does not require the board of equalization to give notice to the property-owner before it raises the valuation of his property. That notice is to be given after the raise is made in order that he may appear before the board as a board of appeals and show cause why the raise should not stand.

2. ————: BOARD OF APPEALS: SUFFICIENCY OF NOTICE. Where the statute fixes a day and place certain where all complaints of the property-owners that the value of their lands as fixed by the board of equalization has been raised too much will be heard by the board sitting as a court of appeals, and in addition thereto the board of equalization immediately after its adjournment publishes a notice to property-owners of the raise for the only week days intervening before the court of appeals meets, and on that day a property-owner appears and makes his complaint, it can not be said that the assessment as to him is void on the ground that "the secretary of the board of equalization did not give sufficient notice to the taxpayer that the valuation of his property had been raised."

3. ————: ————: ————: APPEARANCE: JURISDICTION. The court of appeals when it meets on the day appointed by statute to hear complaints as to the increased valuations of property as made by the board of equalization, has jurisdiction over the subject-matter. And where the property-owner appears by counsel and files his written exceptions to the action of the board of equalization, the court of appeals has jurisdiction over him as well, that is, it has jurisdiction of the whole matter of determining a complaint as to the assessed valuation of his property, whether he has received sufficient notice or not. His appearance confers jurisdiction over him, and the law gives jurisdiction over the subject-matter.

4. ————: QUASHING RECORD: APPELLATE PRACTICE. In proceedings to quash the record of a board of equalization in increasing the assessed value of relator's property, the Supreme Court takes cognizance of the record only.

5. **Swearing Witnesses.** A complainant can not be heard to object that his own witnesses were heard without being sworn.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED.

*Phillips & Phillips* for appellants.

(1)   (a) The "board gave notice in two issues of the Daily Citizen, on Thursday and Friday, before Monday, on which the board undertook to hear objections to the said raise; that the said two issues of the Daily Citizen were afterward brought together in parts one and two of what was termed the Weekly Citizen," only goes to show that the board took more than ordinary means to give notice, and further to show that the relator not only had the notice given by section 7519, but also actual notice.   State ex rel. v. Springer, 134 Mo. 227; State ex rel. v. Railroad, 101 Mo. 127; State ex rel. v. Lindell Hotel Co., 9 Mo. App. 456; Porter v. Railroad, 76 Ill. 561; State ex rel. v. Cummings, 52 S. W. 31.   (b)   The fact that relator's attorney then lived in the city of Poplar Bluff, where said notice was published, and that he appeared in person before the board on Tuesday, April 25th, and filed a complaint, setting forth certain reasons why the valuation of relator's land should not be raised, and that he again appeared before said board on Wednesday, April 26th, and was heard, shows that relator had actual notice, as well as statutory notice, within reasonable time.   (c)   The complaint nowhere states that the raise in valuation was not uniform as to all lands of like character, in the community where relator's land was situate, but, on the contrary, does state "that the said pretended board of equalization proceeded to class all said land as of one grade, and fix the uniform rate of two dollars and fifty cents per acre, and over."   This the board could do under the law, for they could fix the value under their own information, and without even hearing any evidence, provided they did not raise relator's lands above other lands of the same kind and character in the county, and

the complainant does not charge that they did. State v. Railroad, 8 Mo. App. 583; State v. Railroad, 101 Mo. 120; Railroad v. Board, 64 Mo. 294; State ex rel. v. Springer, 134 Mo. 225. (2) (a) The board of equalization is but a part of the machinery of the government to ascertain a just and proper valuation of property, for the purpose of taxation. State ex rel. v. Springer, 134 Mo. 226. (b) It had jurisdiction of the subject-matter. State ex rel. v. Board, 108 Mo. 239; R. S. 1889, sec. 7518. (c) In performing its duties it acts *quasi* judicially, and its orders can not be impeached collaterally, save for want of jurisdiction or for fraud. Black v. McGonigle, 103 Mo. 198; State ex rel. v. Vaile, 122 Mo. 47; Ins. Co. v. Charles, 47 Mo. 465; Railroad v. Maguire, 49 Mo. 483; Cooley on Taxation (1 Ed.), 291; Lead Co. v. Simms, 108 Mo. 222. (d) Though composed in part of the justices of the county court, it is a different body from the county court, altogether, and receives different pay. R. S. 1889, sec. 7523; State ex rel. v. Vaile, 122 Mo. 42. (e) The board had an inherent right to adjourn from time to time as the business before it might, in its judgment, demand. State ex rel. v. Vaile, 122 Mo. 43; Black v. McGonigle, 103 Mo. 200. (f) The board had the power to hear complaints from any part of the county, and the relator could have appeared if he had desired to do so—which in this case was done. State ex rel. v. Vaile, 122 Mo. 44. (g) While the record kept by the board shows no order made at the meetings held, save the convening and adjourning orders, there is evidence to the effect that defendant and others appeared and presented their complaints. The fact that the board made no orders, either raising or decreasing assessments, does not show that defendant was deprived of a hearing. State ex rel. v. Vaile, supra. (h) Section 7519, Revised Statutes 1889, gives notice and opportunity for objections, by virtue of its own terms. A meeting of an equalization board, at a time and place required by law, imposed a duty on parties in interest, to take notice thereof. State ex rel. v. Springer, 134 Mo. 227; State ex rel. v. Railroad, 101 Mo.

127; State ex rel. v. Lindell Hotel Co. 9 Mo. App. 456; Porter v. Railroad, 76 Ill. 561. No irregularity or omission shall invalidate any proceeding, etc. R. S. 1889, sec. 7708; Railroad v. County Clerk, 57 Mo. 224; Black v. McGonigle, 103 Mo. 200. As to printed notice: State ex rel. v. Springer, 134 Mo. 222. (i) Assessments will not be set aside or overthrown on mere technical grounds. State ex rel. v. Vaile, 122 Mo. 43; Railroad v. County Clerk, 57 Mo. 225. (j) Where a taxing board is authorized to act according to their opinion of the matter, it is not necessary to the validity of their action, that their record should show that the board heard the evidence on the subject. State ex rel. v. Springer, 134 Mo. 225; Railroad v. County Clerk, 57 Mo. 224. (3) (a) It is settled law in this State, that certiorari only brings up the record; and that the common law as to procedure prevails in such cases. Railroad v. Board, 64 Mo. 308; State ex rel. v. Smith, 101 Mo. 175; State ex rel. v. Kansas City, 89 Mo. 38; State ex rel. v. Edwards, 104 Mo. 126; State ex rel. v. Walbridge, 62 Mo. App. 163; State ex rel. v. Cauthorn, 40 Mo. App. 96. (b) There is no provision of law in this State for making and preserving a bill of exceptions, either in the county court, probate court or board of equalization. State ex rel. v. Cauthorn, supra; Ward v. Board, 135 Mo. 320. (c) It is settled law that the merits of the cause, in proceeding by certiorari, can not be inquired into. State ex rel. v. Board, 108 Mo. 242. (d) The writ of certiorari in Missouri is what is known as the common-law writ, and its office is to bring up for review only such facts as appear on the face of the record. The writ can not be issued in vacation by the judge, but must be issued by the court, and the motion to quash the writ herein should have been passed upon and sustained. Railroad v. Board, 64 Mo. 294; State ex rel. v. Smith, 101 Mo. 175; State ex rel. v. Edwards, 104 Mo. 126; State ex rel. v. Walbridge, 62 Mo. App. 163.

*J. Perry Johnson* for respondent.

GANTT, J.—This is an appeal from the judgment of the circuit court of Butler county, Missouri, quashing the record of the board of equalization of said county in which the assessment of certain real estate belonging to the McLeod Lumber Company was increased at the annual meeting of said board in April, 1899. The record recites that the court quashed the proceedings of the board of equalization for the reasons "that no order was made by said respondents acting as said board of equalization, directing and ordering the clerk or secretary thereof to give notice to the parties owners of lands, the value of which had been raised above the assessment made by the assessor; that the said board of equalization, as shown by their said return, did not hear or act upon the protest of the relators herein pleaded before said board of equalization, and proceeded without jurisdiction." The return of the board of equalization contains the record, not only of the said board in the first instance, but also of the board of appeals which met on April 25, 1899, to give parties whose assessments had been increased an opportunity and a day to show cause why such increase should not be made.

The propriety of the judgment quashing the record must be determined in accordance with the statute law of this State in force at the time the board of equalization raised and equalized the assessments. By section 7517, Revised Statutes 1889, the county board of equalization consists of the judges of the county court, the county surveyor, the county assessor, and the county clerk. The last named is required to act as secretary of the board, but can not vote. Among the duties imposed upon said board is that found in section 8520, Revised Statutes 1889, which provides that "they [the board of equalization] shall raise the valuation of all such tracts or parcels of land and any personal property as in their opinion have been returned below their real value, according to the rule prescribed by this article for such valuation." And by section 7518, Revised Statutes 1889, it is made their duty "to hear complaints and to equalize the valuation and assessments upon all

real and personal property within the county which is made taxable by law." The propriety, even necessity, of such a board under an organic law which ordains that "all property subject to taxation shall be taxed in proportion to its value," is self-evident. That the board of equalization of Butler county had jurisdiction to. raise the assessments of relator's real estate in a proper way must be accepted as the settled law of this State.

But that such increase may not be made the means of unjust discrimination, it is wisely provided that "after the board shall have raised the valuation of such real estate, it shall give notice of the fact, specifying the property and the amount raised, to the persons owning or controlling the same, by personal notice through the mail, or by advertisement in any paper published in the county, and that said board will meet on the fourth Monday in April, to hear reasons, if any may be given, why such increase should not be made." [Sec. 8520, R. S. 1889.]

This brings us to the first contention of relator, to-wit, that "said board wrongfully and without authority of law, and without any legal or proper notice to the relator, did proceed to increase the valuation of its lands." If by this, relator means that the board must in the first instance notify every taxpayer before it enters its provisional order increasing his assessment, and citing him to show cause before the board as a court of appeals, why the same should not be so increased, then its position is untenable. [Black v. McGonigle, 103 Mo. 192.]

While it is an elementary principle of our governmental system that no one can be passed upon either in his person or estate without being first afforded an opportunity to be heard, it has been ruled both by the Supreme Court of the United States and by this court that such a right does not necessarily entitle a taxpayer to a hearing prior to an assessment, but it is a sufficient compliance with . the constitutional guaranty of "due process of law," that he shall be accorded a hearing

before some tribunal organized by law, before the tax becomes conclusive.

Mr. Justice FIELD in Hagar v. Reclamation District, 111 U. S. loc. cit. 708, says: "The necessity of revenue for the support of the government does not admit of the delay attendant upon proceedings in a court of justice and they are not required for the enforcement of taxes or assessments."

And again, at page 710, he says: "But where a tax is levied on property not specifically, but according to its value, to be ascertained by assessors appointed for that purpose upon such evidence as they may obtain, a different principle comes in. The officers in estimating the value act judicially; and in most of the States provision is made for the correction of errors committed by them, *through boards of revision or equalization, sitting at designated periods* provided by law to hear complaints respecting the justice of the assessments. The law *in prescribing the time* when such complaints will be heard, *gives all the notice* required, and the proceeding by which the valuation is determined, though it may be followed, if the tax be paid, by a sale of the delinquent's property, is due process of law."

Just such a provision as was in the mind of the learned justice has been provided by our statute already quoted—and it has been ruled by this court that it violates no constitutional right of the citizen. [State ex rel. v. Cummings, 151 Mo. loc. cit. 58; State ex rel. v. Springer, 134 Mo. 212.]

But the Legislature of this State has provided, in the case of the increase of the assessment of real estate, for an additional notice to that which the statute itself gives by appointing the fourth Monday in April as the time when such complaints may be heard by the board of equalization as a court of appeals.

As the assessment of which relator complains in this case relates to its real estate, it is evident that it relies upon section 7519, Revised Statutes 1889, now section 9132, Revised Statutes 1899, to show that it was denied that notice and hearing which our laws provide

in such a case.   The circuit court assigned as one of its reasons for quashing the record of the county court of appeals and board of equalization, that ''the said board made no order directing and ordering the clerk or secretary thereof to give notice'' of the raising of the assessment of relator's property.    Looking now to relator's petition for certiorari in the circuit court, we find it alleges, ''That the said board proceeded to hear complaints without first having given any reasonable notice of the increased value of the said land over the assessor's assessment; the notice having been published in two issues of the Daily Citizen, as your petitioner is informed, on Thursday and Friday before the Monday on which the said board undertook to hear objections to the said raise.   That the said two issues of the Daily Citizen were afterward brought together in numbers one and two of what was termed the Weekly Citizen.''

Referring to the record set out in the return of the respondents, it appears that the board of equalization met on Monday, April 3, 1899, and from day to day and time to time transacted the business before it and adjourned as a board of equalization on April 19, 1899, to meet as a board of appeals on Monday, the 24th of April, 1899.

Accepting the allegation of the petition as true, it appears that on the next day after the adjournment of the board of equalization the notice of the increase of the assessment was published, and again on the next day, and it further appears by the amended or additional return that on April 25, 1899, the relator, McLeod Lumber Company, appeared before said board of appeal and filed  its written reasons why said increased valuation should not be maintained, wherein each tract is separately set out and a statement of its value, and the matter was continued from time to time until April 28, 1899, when the said board of appeals made the following order:

''Friday morning, April 28.   The board met pursuant to adjournment, all present, and the following order was made:  'After a due and careful considera-

tion, it was ordered by the board that the valuation in the following tracts of land, which were increased by the board of equalization, be and the same are reduced as follows, to-wit:    [Among others.]

" 'No. 530.    McLeod Lumber Company, southeast quarter of northwest quarter and east half of northeast quarter, section 19, township 22, range 5, valuation by board of equalization, $300; reduced by $60; amount assessed by board, $240.

" 'No. 449.    McLeod Lumber Company, northeast quarter of southwest quarter and south half of northeast quarter of northeast quarter, north half of southeast quarter, east half of southeast quarter of southeast quarter, section 15, township 22, range 5; equalization board valuation, $5,000; reduced by $1,000; amount assessed by board, $4,000.'

" And the board adjourned until Saturday morning, April 29, 1899.

"Saturday morning, April 29, 1899.    All present, and there appearing no further business, the board adjourned *sine die.*"

It thus appears that relator complained not that no notice was given of the increased valuation, but that said notice was not published for a sufficient or reasonable time.    The statute nowhere designates what length of time the notice shall be published.    It may be that a case may be presented in which a given notice should be declared insufficient as a matter of law, but in a case in which the general law fixes a day and place at which all appeals and complaints shall or may be heard, and in addition thereto the notice is published immediately after the adjournment of the board of equalization, and the complaining taxpayer appears promptly on the first day of the session of the board to which he is cited, and is heard and succeeds in reducing his assessments to the amount of a thousand dollars, this court is asked to go a great length in holding the action of the board void for want of notice to the complaining taxpayer. Unquestionably the board  had jurisdiction or power to hear complaints and reduce or equalize assessments

raised by the board of equalization, in other words, over the general subject of complaints of increased valuations, and when the relator herein appeared by its counsel and filed its written exceptions and complaint, it placed itself and the matter of the increase of the valuation of its properties within the jurisdiction of that body, and its action was not void upon the clearest principles of reason and law. [State ex rel. Lemon v. Board, 108 Mo. 235.]

This court has uniformly ruled that a party may confer jurisdiction over his person by voluntarily appearing without the service of any writ or where the notice was short of that required by law or was defectively served and where the sole purpose of the statute as in this case is to give an additional notice to the persons whose assessments have been increased by the board of equalization, it is obvious he may waive the notice and appear and contest the proposed increase, and when he does, he will not afterwards be heard to complain of the insufficiency of the notice.

The second ground upon which the circuit court quashed the record of the board was that the board did not hear or act upon the protest of relator. That it did not grant all that the relator prayed for, is certainly no evidence that it did not act. Its record shows it acted and in a number of cases and *reduced* the amount of the increase. That the court heard relator's witnesses is apparent from its own petition, which avers it heard their statements without requiring them to be sworn. Surely it does not lie in relator's mouth to complain that the board was willing to dispense with the oath in hearing its witnesses.

In a proceeding like this, we take cognizance of the record only.

We can discover no step wherein the board of equalization or appeals has exceeded its lawful authority. It is not alleged that relator's lands were assessed higher than other similar lands in said county. In our opinion the circuit court erred in quashing the record of the board, and its judgment is reversed.

*Sherwood, P. J.,* and *Burgess J.,* concur.