THE STATE ex rel. B. STONE, Collector, v. CHRISTIAN COUNTY BANK, Appellants.

Division Two, April 11, 1911.

1. ASSESSMENT: Increase by Board of Equalization. If the county board of equalization finds no inequality in the assessment of property as made by the assessor, but does find that all real and personal property in the county has been assessed ten per cent below its true value, the board may by one order increase the assessor's valuation of all property in the county by ten per cent.

2. ————: ————: Judicial Act: Collateral Attack. The statute authorizes the county board of equalization to so equalize the valuation and assessment of all property in the county "that each tract of land shall be entered on the tax book at its true value," and "to raise the valuation of all such tracts or parcels of land and any personal property, such as in their opinions have

been returned below their real value, according to the rule pre-
scribed by this chapter for such valuation." The assessor made
return of his tax book, and the county board made this order:
"Ordered by the board that real and personal property situate in
Christian county be raised ten per cent." *Held*, that the board
had power to make this order and thereby raise the assessment
upon all property in the county ten per cent. *Held*, also, that the
board in making the order was acting in a judicial capacity, and
its action is not subject to collateral attack, such as by an answer
denying the validity of the order by a taxpayer who is being sued
for his taxes and who tenders all the taxes due except the ten
per cent increase.

3. ———: ———: **Notice.** Notice, by publication in a news-
paper, given by the board of equalization, that it would meet on
the fourth Monday in April to hear reasons, if any, why the in-
crease of ten per cent in the valuation of all property in the
county should not be made, is sufficient notice to each individual
taxpayer in the county, and an increase in the valuation of de-
fendant's property was not invalid because no.further notice
was given.

Appeal from Christian Circuit Court.—*Hon. John T.
Moore*, Judge.

AFFIRMED.

*Sullivan & Barrett* for appellant·

*Jacob Hartley* and *Arthur Farrar* for respondent.

KENNISH, P. J.—This suit was instituted by the
collector of the revenue of Christian county against
the Christian County Bank, appellant herein, to re-
cover back taxes in the sum of three hundred and
forty-two dollars and forty-seven cents, for the year
1905.

The petition is in the usual form.

The answer alleges, as a defense, that the defend-
ant bank was duly assessed by the assessor of the
county and the valuation of the defendant's property,
as listed by the defendant, was placed upon the as-
sessor's books, without change. That the county board

of equalization, at its annual session in 1905, equalized the assessments, as shown by the assessor's books, and made no change in the valuation of the defendant's property as given in said list and as shown in the assessor's books, but that said board, before adjournment, made and caused to be spread upon the records, the following order, to-wit: "Ordered by the board that real and personal property situate in Christian county be raised ten per cent."

It is further alleged that the tax books were adjusted and the taxes extended in conformity with said order and that by reason thereof the defendant's property was placed upon the tax books and valued at the sum of nineteen thousand nine hundred and ninety-eight dollars, instead of eighteen thousand one hundred and eighty dollars, as shown by the said assessment list; that said order of the board of equalization is illegal and void; that the amount of taxes for which the defendant is legally liable for said year is two hundred and eighty-three dollars and four cents, which sum defendant tendered to the collector and again tenders in court.

It is further alleged that no notice of the increased valuation of defendant's property, so attempted to be made, was given to defendant, other than the publication of said order in the newspapers of said county, and that defendant is in no wise liable for the taxes levied on the additional valuation extended on the collector's books by virtue of said order.

A general demurrer to the answer was filed and sustained. The defendant refused to plead further and final judgment was rendered against it as prayed in the petition. From that judgment the defendant appealed to this court.

No brief has been filed nor appearance entered by respondent in this court.

It appears from appellant's brief that the pleadings in the trial court were agreed upon and that a

case was made to determine the validity of the order of the county board of equalization assailed in defendant's answer. No point is made as to proper parties to the suit or as to the validity of the assessment. Appellant states in its brief that, "The sole question to be determined is the validity of the order of the county board of equalization made on the 7th day of April as its last act before final adjournment and which is as follows: 'Ordered by the board that real and personal property situate in Christian county be raised ten per cent.'"

In making the order raising the valuation of the property for taxation in Christian county for the year 1905, the county board of equalization was acting in a judicial capacity, and, under the well settled rule of law applicable to judgments, its action was not subject to collateral attack. [Black v. McGonigle, 103 Mo. 192; State ex rel. v. Vaile, 122 Mo. 33; State ex rel. v. Western Union Tel. Co., 165 Mo. 502; State ex rel. v. Lumber Co., 198 Mo. 430.]

In the case of State ex rel. v. Western Union Tel. Co., supra, l. c. 517, the court said: "The defendant cannot avail itself of these cases, for the reasons, first, that it seeks to raise the question of discrimination by a defense to an action at law to collect the taxes, and thereby collaterally attacks the judgment of the board of equalization; second, that such question can only be raised by a direct attack, in equity, and then only upon the condition precedent that it pays or tenders the amount justly due and only asks to have the collection of the excess restrained."

And in State ex rel. v. Lumber Co., supra, discussing the same subject, l. c. 439, the court said: "The act of the board in raising the assessment being judicial in its character is not subject to attack in this collateral way."

Section 11403, Revised Statutes of 1909, confers power upon the county board of equalization, and

makes it the duty of the board "to equalize the valua-
tion and assessment of all such property, both real and
personal, within their counties respectively, so that
each tract of land shall be entered on the tax book at
its true value." And in the next succeeding section it
is made the duty of the board to "raise the valuation
of all such tracts or parcels of land and any personal
property, such as in their opinion have been returned
below their real value, according to the rule prescribed
by this chapter for such valuation."

Discussing this power of the board in the case of
Black v. McGonigle, supra, 1. c. 198, this court said:
"The law, however, clearly contemplates that all prop-
erty shall be assessed at its true value (Sec. 6711),
and if, in the opinion of the board, this has not been
done, then the assessment may be increased so as to
comply with the spirit and intention of the law. Where
the lands in one township have been assessed at their
true value, and those in another township have been
assessed at a uniform lower rate, then the assessed
value of the lands in the latter may be brought up to
the standard of the former, and that is what appears
to have been done in the present case. In such case
it is not necessary to specify each parcel of land thus
increased. It is sufficient to increase the assessed
value of all the lands in the particular township by
one order; and this increase may be made on a per-
centum basis. Says Cooley: 'In raising or reducing
the assessment of a particular district, it is sufficient
for the board to designate a percentage of increase or
decrease.' [Cooley on Taxation (2 Ed.), 422.]"

Under the foregoing provisions of the statutes it
is made the duty of the board of equalization not only
to equalize the valuation and assessment of all the
property in the county, but to equalize it "so that each
tract of land shall be entered on the tax book at its true
value," and it shall "raise the valuation of all such
tracts or parcels of land and any personal property,

such as in their opinion have been returned below their real value, according to the rule prescribed by this chapter for such valuation.'' The only limitation upon the power of the board in thus fixing the value of the taxable property is that it ''shall not reduce the valuation of the real or personal property of the county below the value thereof as fixed by the said state board of equalization.''

This court held in the McGonigle case, supra, that it was within the power of the board to raise the valuation of the real estate of the county by townships, upon a percentage basis, and if the board finds no inequality in the assessment, but finds that both real and personal property have been assessed ten per cent below its ''true value,'' no valid reason appears why the board may not properly increase the value by one order as was done in this case.

The notice given by the board of equalization that it would meet on the fourth Monday of April to hear reasons, if any, why the increase in the valuation should not be made, was in accordance with the requirements of section 11404, Revised Statutes of 1909, and was sufficient.

The board of equalization was undoubtedly possessed of jurisdiction to increase the valuation of defendant's property listed for taxation, and its action, under the facts of this case, is not open to collateral attack in the defense of a suit for the collection of the taxes.

The demurrer to the answer was properly sustained and the judgment is accordingly affirmed.

*Ferriss,* and *Brown, JJ.,* concur.