THE TOWN OF CAMERON v. STEPHENSON, *Appellant.*

1. **Municipal Taxation**: EXTENSION OF TOWN LIMITS: TOWN PLATS. Where the owner of land adjacent to an incorporated town subdivides it into lots and blocks, and files a plat of the subdivision in the recorder's office of the county, under section 8, page 248, General Statutes 1865, the fee of such portions as are designed for streets and other public uses becomes vested in the town, but the addition

does not become incorporated into the town so as to make the land liable to taxation for town purposes.

2. **Estoppel against Disputing Illegal Taxation.** Payment of town taxes for a period of five years by the owners of land not legally liable to such taxation, submission for a like period to the exercise of jurisdiction by the town authorities in other matters, and participation in an election at which a subscription to a railroad company was voted by the town, in payment of which bonds were subsequently issued, are not sufficient by themselves to estop such persons from disputing the legality of such taxation.

*Appeal from Clinton Circuit Court.*—Hon. Geo. W. Dunn, Judge.

At the November term of the county court of Clinton county, Stephenson filed his objections to the rendition of judgment by said court against a certain lot owned by him alleged to be situate within the corporate limits of the town of Cameron, in said county, for taxes assessed against said lot by the corporate authorities of said town, alleging that said lot was not within the corporate limits of said town, and that said taxes were illegally assessed. The court sustained the objections, and refused to give judgment against the lot, and ordered that the same be stricken from the list returned by the collector as delinquent. On the application of the town of Cameron, an appeal was granted it to the circuit court. On the hearing in the circuit court, the cause was submitted on the following agreed statement of facts:

*First*, That prior to the 4th day of March, 1867, there was a village or town called "Cameron," situated upon the following land in Clinton county, to-wit: The northwest quarter and the west half of the northeast quarter of section 23, in township 57, of range 30.

*Second*, That on the 7th day of March, 1867, the county court of Clinton county, by its order of record, declared said town of Cameron to be incorporated within the metes and bounds included within the said land above described, which order was made by virtue of and in pursuance fo

section 1, chapter 41, General Statutes 1865, and by virtue of this order said town was duly incorporated within said metes and bounds by and under the name of "the inhabitants of the town of Cameron."

*Third*, That at the time said town was incorporated there were, and still are, less than 2,500 inhabitants therein, and there has, ever since said order of incorporation, been in office, in said town, a board of trustees consisting of five members, who have exercised in said metes and bounds the powers and duties conferred upon them by section 7, chapter 41, General Statutes 1865.

*Fourth*, That on the 15th day of August, 1868, Hunt and Godfrey became the owners of the following land in Clinton county, adjoining said town, to-wit: the northeast quarter and the northwest quarter of the southeast quarter of section 22, township 57, of range 30, and on or about the 1st day of July, 1868, laid out all of their said tract of land into town lots, blocks, streets and alleys, and caused to be made out an accurate plat thereof in pursuance of chapter 44, General Statutes 1865, and duly acknowledged and deposited said plat in the office of the recorder of Clinton county, as directed in said chapter, which said plat is herewith filed and made a part of this agreed statement.

*Fifth*, That after said land was so laid out, during the year 1868 and 1869, Hunt and Godfrey sold to various persons about one-fourth of the lots so laid out in said addition, which said lots were improved by the respective owners thereof—building houses and residences thereon, who became residents and inhabitants of and in said tract of land so laid out as an addition as aforesaid, and that there are now, and have been ever since 1869, about fifty resident taxpayers in said addition, including the defendant, Stephenson, who owns lot 2 in block 78 in said addition.

*Sixth*, That the said corporation of the inhabitants of the town of Cameron have, through their board of trus-

tees, officers and agents, in pursuance of the ordinances of said town of Cameron now in force imposed, levied and collected taxes on all of said inhabitants of said addition, and on all property holders in respect to the lands and lots owned in said addition from the year 1869 to the year 1874, which taxes have been paid by said inhabitants and property holders for the benefit of said town. And all of the said inhabitants of said addition so laid out by Hunt and Godfrey have exercised the right and privilege and voted for trustees for and in said town ever since the year 1869. But none of the inhabitants of said addition have ever, at any time, petitioned the county court of Clinton county to be incorporated, nor has the county court ever made any order declaring the said addition, or any part thereof, to be incorporated, nor has said county court ever made any order to incorporate said addition, or said town of Cameron, except the aforesaid order made on the 4th day of March, 1867, hereto attached.

*Seventh,* That the Legislature of this State has never passed any special law to incorporate said town or said addition thereto.

*Eighth,* That at the time of laying out said addition and filing said plat, Hunt and Godfrey were the sole owners of the lots and blocks therein, and no person at that time resided within the limits of said addition.

*Ninth,* That Hunt and Godfrey were also the owners of a large number of lots and blocks in the town of Cameron as incorporated by the order of the county court; that in all plats of said town made by them for the purpose of advertising their lots for sale, the said town and addition are described and platted as one town, and in no deed made by them are the lots described as being in an addition to the town of Cameron.

*Tenth,* That the deed made to the defendant by Hunt and Godfrey, describes the lot sold to him as lot 2, in block 78, in the town of Cameron.

*Eleventh,* That Hunt and Godfrey, from the time of

filing said plat up to and including the year 1874, paid all municipal taxes levied by the corporate authorities of said town without protest or objection, but they all now protest against the payment of any taxes to said corporation.

*Twelfth,* That the inhabitants of said addition up to and including the year 1874, paid such taxes without protest or objection.

*Thirteenth,* That the inhabitants of said addition have participated in all the municipal elections held in said town including the election subscribing $50,000 to the capital stock of the Chicago & Southwestern Railway Company.

*Fourteenth,* That bonds for the stock voted at said election have been issued by the corporate authorities of said town, and have been sold and transferred to innocent purchasers; that judgments have been obtained against said town on a part of the bonds so issued, and are now unsatisfied and in full force.

*Fifteenth,* That the corporate authorities of the town, ever since the filing of said plat, have exercised jurisdiction over said addition and the inhabitants thereof, the same in all respects as over that part of the town included in the limits incorporated by the order of the county court.

The court held the lot to be liable to city taxation, and accordingly reversed the judgment of the county court. Defendant, Stephenson, appealed.

*E. J. Thomas and Wm. Henry* for appellant.

1.   The fact that the inhabitants of the addition have tamely submitted to illegal taxation heretofore, will not estop them now from resisting such taxation or showing its illegality. *Cruger v. Dougherty,* 43 N. Y. 107. 2. It is not true that section 8, page 248, General Statutes 1865, is *in pari materia* with chapter 41, page 239, the subjects treated of being entirely different. *Thomas v. Mahan,* 4 Me. 513. 3. The filing of the plat of the addition did not *ipso facto* incorporate the addition or extend the corporate limits of

the town so as to include the addition. Supposing that said section 8 might be properly considered *in pari materia* with the statutes " of the incorporation of towns," then it is obvious that whatever effect it may have on this question is to be determined by the rules of construction that govern in the ascertaining the grant of franchises or delegated powers, for the power of taxation is inherent in the sovereign; but so far as it exists in a municipal corporation or elsewhere, it is by grant and is called a franchise. *O'Bryne v. Savannah*, 41 Ga. 331; 2 Black. Com., 37; no franchise is granted except by express language or necessary implication. *Blake v. Winona R. R. Co.*, 19 Minn. 418. The authority is to be strictly construed and closely pursued. Sedgwick on Stat. & Const. Law, 466; *Kniper v. Louisville*, 7 Bush. 599; *Blair v. Perpetual Ins. Co.*, 10 Mo. 559. 4. Said section 8 does not have the effect to vest in the corporation of a town already incorporated the fee of the streets in a new addition to such town; *Kayser v. Trustees of Bremen*, 16 Mo. 88; *Riley v. Rochester*, 9 N. Y. 66; but if it did, this would not necessarily imply the power on the part of the corporation to make special assessments against the property in such addition for the improvement of the streets on which it abuts; and if it did, then the power to levy and collect taxes for general purposes of revenue would not be implied. *Boston Seaman's Friend Society v. Boston*, 116 Mass. 181; *State v. Newark*, 35 N. J. 157; *Sheehan v. Good Samaritan Hospital*, 50 Mo. 155; *Broadway Baptist Church v. McAtee*, 8 Bush 508; *First Pres. Church v. Fort Wayne*, 36 Ind. 338; *Lockwood v. St. Louis*, 24 Mo. 20; *Garrett v. St. Louis*, 25 Mo. 505; *Pacific R. R. Co. v. Chrystal*, 25 Mo. 544; *Newby v. Platte Co.*, 25 Mo. 258.

*Thomas E. Turney* for respondent.

1. It is insisted that the mere filing of the plat of an addition to an incorporated town by the owner, makes it a part of the corporation and extends the jurisdiction of the corporate authorities over it. §§ 1, 2, 3, 7, 8, p. 248

Gen. Stat. 1865. 2. The fee of the streets and alleys in such addition are by the mere act of filing the plat vested in the corporation. The corporation is certainly liable if it fails to keep such streets and alleys in repairs, to parties injured by such neglect. If this is conceded, the corporation must have the correlative right to tax for that purpose. Otherwise the inhabitants of the addition would enjoy the main benefits of a corporate existence without any of its burdens. 3. Hunt and Godfrey, who owned all the land when it was made by them an addition to the town of Cameron, intended by such act to make it a part of the corporation, and to give the corporate authorities jurisdiction over it as such. This is proved, 1st, by the fact that in all plats, advertisements and deeds, they describe the lots in the addition not as lots in an addition to the town of Cameron, but as lots in the town of Cameron; and, 2nd, by the fact that they have paid all taxes levied by the corporation up to and including the year 1874. If the consent of the corporation was necessary to make the addition a part of the corporation, that consent is shown abundantly in the agreed statement upon which the case was tried. 4. The citizens are estopped by participating in the election to subscribe to the railroad company. /

SHERWOOD, C. J.—It was held in *Wells v. Weston,* 22 Mo. 384, that the Legislature could not authorize a municipal corporation to tax, for its own local purposes, lands lying beyond the corporate limits. This ruling was afterwards approvingly cited in *St. Charles v. Nolle,* 51 Mo. 122. If the Legislature could not confer such authority as the above mentioned, then *a fortiori,* the mere assumption of such authority by the officials of the incorporated territory, could confer on their extra-territorial acts no validity. Nor do we think the matter of such validity is at all bettered by reason of section 8 of the act respecting town and city plats, Gen. Stat., 248. The only effect of that section,

1. MUNICIPAL CORPORATION: extension of town limits: town plats.

as it seems to us, is, when the plat of an addition to a city or town is deposited with the recorder, to vest in such city or town, if incorporated, or if otherwise, in the county, the fee of such lands as are designed for public use, *i. e.*, for streets, &c., " and for the uses and purposes aforesaid, and none other;" and that the section in question has not the effect of incorporating such addition and making it part and parcel of the original incorporation. And the Legislature was evidently of the same opinion respecting the effect of section 8 aforesaid; for in 1871 an act was passed making special provision whereby the inhabitants of any addition to any incorporated town or village, not included within the metes and bounds of such incorporation, might become a part of such incorporated town, &c., and entitled to all the privileges thereof. The act, by its terms, took effect immediately. 2 Wag. Stat., § 1, 1314.

Respecting the allegation that the inhabitants of the unincorporated portion of the town are estopped from re-**2. ESTOPPEL AGAINST DISPUTING ILLEGAL TAXATION.** sisting the collection of the tax in question, it may be observed that the authorities are not uniform with regard to the effect produced by the payment of illegal taxes, by those who were not properly assessed by a particular locality, or else were not assessable at all therein. The most of the authorities may be found collated in Cooley on Taxation, 573, *et seq.* The learned author remarks upon the point in hand, that " the duty to speak ought to be very imperative to make mere silence operate as an estoppel." We do not care to enter on a lengthy discussion as to when, where and how parties may be properly held estopped to dispute the legality of any disputed tax, since we do not see that sufficient ground for such discussion appears in the agreed statement of facts. Judgment reversed and cause remanded. All concur except NORTON, J., absent.

REVERSED.