MARTHA TURNER et al., Appellants, v. W. A. COBB, County Treasurer, et al., Appellees.

**MUNICIPAL CORPORATIONS:** Territorial Additions—Execution of Plat. The execution and filing by a property owner of a plat of lands abutting on the incorporated limits of a city or town do not, *ipso facto*, extend the corporate limits and incorporate said lands into the said municipality. So held under Tit. IV, Ch. 10, Code of 1873.

*Appeal from Sac District Court.*—M. E. HUTCHISON, Judge.

APRIL 3, 1923.

ACTION to enjoin the sale of property owned by plaintiffs, for a special assessment levied against the same by the incor-

porated town of Odebolt, for the cost of construction of a sewer. The defendants filed an answer to the petition, to which plaintiffs interposed a demurrer, and, this being overruled, the plaintiffs stood on the demurrer, and appeal.—*Reversed.*

*Malcolm Currie* and *R. L. McCord,* for appellants.

*W. A. Helsell,* for appellees.

FAVILLE, J.—The material allegations of the answer, which were challenged by the demurrer, recite the facts of the case. It appears therefrom that the east corporate limits of the town of Odebolt, as incorporated, were marked by a certain section line. There was a public highway running north and south on this section line, and the east corporate limits of the town were originally the center line of said highway. The west half of said highway was known as Des Moines Street, of said town.

On December 17, 1895, the owner of a quarter section of land immediately adjoining the incorporated town of Odebolt on the east prepared, acknowledged, and filed a plat of the west 25 acres of said quarter section, and designated the same as "Highland Park Addition to the town of Odebolt." By said plat the said tract was divided into eleven lots, numbered one to eleven, inclusive, and on said plat a street was designated as Des Moines Street, 33 feet in width, on the west side of said tract, which was immediately adjacent to the then existing street of said town of Odebolt known as Des Moines Street, which was likewise 33 feet in width. The incorporated town of Odebolt, through its proper officers, accepted said Des Moines Street as so platted, and took possession of the same and improved and graded all of Des Moines Street, including the part within the original incorporated town and the part in said plat, making a total width thereof of 66 feet.

It also appears that all of the lots originally platted have been sold to various people, and are now occupied by dwelling houses, including the lots owned and occupied by the appellants.

A sewer was constructed, by proper proceedings of the council of the incorporated town, along and upon said Des Moines Street. Proceedings were had by the town council in proper manner for the levying of a special assessment against

the lots of the appellants for the cost of the construction of said sewer. All of these facts are admitted by the demurrer.

It is conceded that, if the property of the appellants is subject to assessment for the sewer in question, the proceedings for the purpose of levying such assessment were legal.

I. The only question for our determination in this proceeding is whether or not the lots owned by these appellants, located in the said "Highland Park Addition to the town of Odebolt," are a part of the incorporated town of Odebolt, and subject to municipal taxes and assessments levied by said town. Did the 25-acre tract adjacent to the corporate limits of the town of Odebolt, which the then owner duly platted into lots and designated as "Highland Park Addition to the town of Odebolt," by such act of executing and recording such plat become incorporated into and made a part of the said municipality?

The law governing this transaction, which occurred in 1895, must be found in the Code of 1873 and the amendments thereto. Title IV of the Code of 1873 is a general title, which is designated as "Relating to County, Township, Town, and City Government." Chapter 10 of said title provides the steps to be taken for the incorporation of cities and towns. Included within said Chapter 10 are Sections 426 to 429, inclusive, providing for the annexation of contiguous territory to cities and incorporated towns by proceedings instituted by the inhabitants of such territory. Included within said Chapter 10 are also Sections 430 to 433, inclusive, which provide for the annexation of contiguous territory to cities and incorporated towns by proceedings instituted by the proper officers of the municipality.

There is no claim in this case that resort was had to any proceedings provided in said Chapter 10 for the annexation of contiguous territory to a city or incorporated town.

Included within said Title IV is Chapter 12, which is designated as "Of Plats." The parts of said chapter material to the inquiry in this case are as follows:

"Sec. 559. Every original owner or proprietor of any tract or parcel of land, who has heretofore subdivided or shall hereafter subdivide the same into three or more parts for the purpose of laying out any town or city, or any addition thereto or any part thereof, or suburban lots, shall cause a plat of such

subdivision, with references to known or permanent monuments, to be made,'' etc.

''Sec. 561. The acknowledgment and recording of such plat is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets or other public use, or as is thereon dedicated to charitable, religious, or educational purposes.''

''Sec. 562. Streets and alleys so platted and laid out, or which have been platted or laid out under any prior law of this state regulating private plats, may be altered or vacated in the manner provided by law for the alteration or discontinuance of highways.''

''Sec. 563. Any such plat may be vacated by the proprietors thereof, at any time before the sale of any lots therein, by a written instrument declaring the same to be vacated, duly executed, acknowledged, or proved and recorded in the same office with the plat to be vacated; and the execution and recording of such writing shall operate to destroy the force and effect of the recording of the plat so vacated, and to divest all public rights in the streets, alleys, commons, and public grounds laid out or described in such plat. And in cases where any lots have been sold, the plat may be vacated, as herein provided, by all the owners of lots in such plat joining in the execution of the writing aforesaid.''

''Sec. 564. Any part of a plat may be vacated under the provisions and subject to the conditions of this chapter, provided such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat, and provided further, that nothing contained in this section shall authorize the closing or obstructing of any public highways laid out according to law.''

''Sec. 565. When any part of a plat shall be vacated as aforesaid, the proprietors of the lots so vacated may enclose the streets, alleys, and public grounds adjoining said lots in equal proportions.''

Chapter 53 of the Acts of the Eighteenth General Assembly was an act which provided in general terms that, whenever any person or corporation shall lay out any parcel of land into town lots, in accordance with Chapter 12, Title IV, of the Code, such

person shall procure from the treasurer of the county a certified statement that the land thus laid out is free from taxes. Section 4 of said act is as follows:

"The provisions of this act shall not prevent the annexation of contiguous territory to cities and towns under Sections 426, 427, 428, and 429 of Chapter 10, Title IV, of the Code, and Chapter 47 of the Laws of the Sixteenth General Assembly, as amended by Chapter 169 of the Laws of the Seventeenth General Assembly."

Under these provisions of the statute, it is conceded by the appellants that the portion of the tract platted by the original owner, in 1895, as Des Moines Street, being the parcel 33 feet in width, and immediately adjacent to the existing Des Moines Street of the incorporated town, became a public highway, by said dedication and platting and by the acceptance of the same by the officers of the incorporated town of Odebolt in exercising control over the same and in improving and expending work thereon. So no question is raised in this case as to the jurisdiction of the incorporated town over the said public street. The sole question is whether or not the lots so platted in 1895 were, by the said act of platting, made a part of the incorporated town of Odebolt.

From an examination of the statutes which we have referred to, Sections 426 to 433, inclusive, it is apparent that provision is made for the annexation of territory to an existing city or incorporated town by proceedings instituted either by the inhabitants of the city or incorporated town or by the inhabitants of the territory which it is sought to incorporate within the municipality. The question at this point is whether or not the owner of land adjacent to a city or incorporated town could, by his own act in platting the same and acknowledging and recording the plat, cause said tract of land to be embraced within the corporate limits of the municipality, and could, by his said act, in effect extend the boundaries of the said corporation so as to include the tract of land so platted.

It is to be noticed that Section 559 of the Code of 1873 provides that the owner of a tract or parcel of land who subdivides the same into three or more parts, "for the purpose of laying out any town or city, or any addition thereto or any part

thereof, or suburban lots," shall cause a plat of the same to be made. This statute applies, by its very terms, where the purpose of the owner of land is to "lay out any town or city." It can scarcely be seriously contended that this provision in the chapter "on plats" gave to the owner of a tract of land the power to create, by the mere execution and recording of a plat, an incorporated city or town. The "laying out of any town or city" by this process of platting did not create a legal municipality, vested with the powers of an incorporated city or town. It requires proceedings on the part of the inhabitants of a city or town, as provided by statute, to legally incorporate the same as a legal municipality; even though the owner of a tract of land could "lay out" the same as a city or town. What is true of a city or town in this respect must equally be true of "any addition thereto."

This statute provides for the platting by any person of a tract of land "for the purpose of laying out any city or town or *any addition thereto.*" Stress is laid by the appellees upon the words "any addition thereto," and it is claimed that by said language the legislature clothed the owner of a tract of land with the power to incorporate the same into an existing municipality, as "an addition thereto,'' by platting the same in accordance with said statute.

These sections of the statute must be construed together, and when they are so construed, it is obvious that the purpose of the statute was to provide for the platting of a tract of land into lots, for the purpose of "laying out" a city or town or any addition to a city or town. The chapter in question has no reference whatever to the incorporation of a city or town, or to the bringing of "an addition" within the corporate limits of a city or town. It refers only to the method of platting and "laying out" a tract of land into lots and streets and alleys.

This statute has not been previously construed by this court, but the Supreme Court of Missouri has had before it a similar question, under a statute practically identical with the one in force in this state in 1895.

In *Town of Cameron v. Stephenson,* 69 Mo. 372, it appeared that the town of Cameron had been duly incorporated, as provided by law, and that the owners of certain lands adjoining

said town laid out their tracts of land into lots, blocks, streets, and alleys, and caused to be made a plat thereof, which was acknowledged and filed in the office of the county recorder, as provided by the statutes in that state. The question arose as to the liability of the land so included in said "addition," for taxes assessed against the same by the corporate authorities of said town.

Chapter 44 of the General Statutes of 1866 of the state of Missouri is in many respects similar to Chapter 12, Title IV, of the Code of 1873 of this state. Section 1 of said Chapter 44 provides:

"Whenever any city, town or village, or any addition to any city, town or village shall be laid out, the proprietor of such city, town or village, or addition, shall cause to be made out an accurate map or plat thereof," etc.

Subsequent sections provide for the acknowledgment and recording of said plat, and Section 8 provides:

"Such maps and plats of such cities, towns, villages and additions, made, acknowledged, certified and deposited with the recorder, shall be a sufficient conveyance to vest the fee of such parcels of land as are therein named, described or intended for public uses in such city, town or village, when incorporated, * * * and for the uses therein named, expressed or intended, and for no other use or purpose."

In the cited case, the Supreme Court of Missouri referred to said Section 8, and said:

"The only effect of that section, as it seems to us, is, when the plat of an addition to a city or town is deposited with the recorder, to vest in such city or town, if incorporated, or if otherwise, in the county, the fee of such lands as are designated for public use, i. e., for streets, etc., 'and for the uses and purposes aforesaid, and none other;' and that the section in question has not the effect of incorporating such addition and making it part and parcel of the original incorporation."

The similarity between the Missouri statute and the provisions of the Code of 1873 is apparent. The Code of 1873 gave to the owner of this tract of land the right to plat the same in the manner provided by the statute, and to acknowledge and record said plat. Under the statute, the acknowledgment and

recording of such plat were equivalent to a deed in fee simple of that portion of the premises set apart for streets or other public uses. This was true of the portion designated as "Des Moines Street."

But it is also to be observed that, under this statute, Section 563, the plat could be vacated by the proprietors at any time before the sale of any lots, by a written instrument, duly executed and recorded; and the execution and recording of such writing would, under the statute, "operate to destroy the force and effect of the recording of the plat so vacated, and to divest all public rights in the streets, alleys, commons, and public grounds laid out or described in such plat."

If the appellees' position is correct, that, the instant the plat was acknowledged and recorded by the owner, the tract so platted became a part of the incorporated town of Odebolt, and was embraced within its corporate limits, then it must be true that, under the statute, the proprietor of this tract, before the sale of any lots therein, could, by a written instrument, have declared the same to be vacated, and could have acknowledged and recorded such instrument, and thereby, *ipso facto*, could have destroyed "the force and effect of the recording of the plat so vacated." In other words, by the voluntary act of the proprietor the property could have been put into the corporate limits of a city, and by his voluntary act have been taken out again.

The statute providing for the platting of tracts of land neither contemplates nor provides a scheme by which proprietors of a tract of land may, by their own act, extend the corporate limits of a city or incorporated town to embrace their property, and may, by their own act, withdraw the property from within the limits of a city or incorporated town. The corporate limits of a municipality cannot be so extended or reduced.

Furthermore, it is a matter of common knowledge that the original plat of many cities and towns in Iowa embraced tracts or parcels therein that were not subdivided into lots at the time of the original platting. Such plats frequently included acres of agricultural lands. As time went on, and such cities and towns grew, such tracts, although within the corporate limits, have been frequently platted by the owners thereof into lots

and streets and alleys. The method of platting such tracts of land already within the existing corporate limits of a town is in accordance with these same statutes with reference to the laying out of a city or town or an addition thereto.

Sections 426 *et seq.* of the Code of 1873 provide the manner of procedure by which inhabitants of a part of a county adjoining a city or town may be annexed to such city or town, by petition and an election and other proper proceedings.

Chapter 53 of the Acts of the Eighteenth General Assembly provides that, whenever any person or corporation shall lay out any parcel of land into town or city lots, in accordance with Chapter 12, Title IV, of the Code, such person shall procure from the treasurer of the county a certificate showing that the land thus laid out is free from taxes, etc.

Appellees lay stress on the language of Section 4 of said Chapter 53 of the Acts of the Eighteenth General Assembly, quoted supra. It is contended that by said section the legislature recognized that the provisions of Chapter 12, Title IV, of the Code provided a way whereby the owner of land voluntarily could place it within the corporate limits of a municipality, and declared that the other provisions of the law by which proprietors of land or the municipality could bring it within the corporation should not be affected by the amendment to Chapter 12, Title IV. Counsel argues that, if this is not the case, then there was no need for the legislature to pass Section 4 of Chapter 53 of the Acts of the Eighteenth General Assembly.

Whether or not there was any necessity for the legislature to incorporate said Section 4 in Chapter 53 of the Acts of the Eighteenth General Assembly it is not necessary for us to determine, nor is it essential that we ascertain what the legislature may have had in mind as to the existing state of the law when said statute was enacted. The enactment of this section of the act had no effect whatever upon the existing provisions of Chapter 12, Title IV.

That a municipality has no extraterritorial jurisdiction to levy taxes unless specially authorized by statute is well established. Appellants' lots, not being within the corporate limits of the incorporated town of Odebolt, are not subject to assessment by said town for municipal purposes.

The demurrer to appellees' answer should have been sustained.

The cause must be reversed.—*Reversed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.